Caperton, &c., v. Humpick.

CASE 18—PETITION EQUITY—NOVEMBER 2.

## Caperton, &c., v. Humpick.

APPEAL FROM LOUISVILLE CHANCERY COURT.

| 95 | 105 |
| 111 | 527 |
| 95 | 105 |
| 123 | 300 |

DEDICATION OF STREET—LIABILITY FOR COST OF IMPROVEMENT.— Although each of several deeds of partition of a tract of land provided that "it is distinctly understood and agreed between the parties to these deeds that the calls and descriptions of streets and alleys herein contained, so far as such streets and alleys have not been heretofore opened and established, shall not be construed, as between the parties hereto of the one part and the city or the public of the other part, to be a dedication of such streets and alleys," yet, as the city has at great expense constructed a bridge across a creek at its intersection with one of the streets designated in the deeds of partition, and on a map recorded therewith, and the street has been improved, without any effort on the part of the owners of the land bordering thereon to enjoin the construction of the bridge or the improvement, full benefit and enjoyment of which they and their vendees have and will continue to have, a dedication of the street must be implied; and the owners of the several quarter squares bordering on the improvement must pay therefor. A mere objection by defendants to the improvement, or notice to the contractors that they would not contribute to pay therefor, was not sufficient to exonerate them from liability, as good faith required, if they did not intend to avail themselves of the improvements and thereby impliedly dedicate the street, that they should institute legal proceedings to enjoin their construction.

HUMPHREY & DAVIE FOR APPELLANT.

1. Breckinridge street had not been dedicated as a public street when the contractor did this work; nor was the property sought to be charged situated within a square bounded by streets; and, for each of these

Caperton, &c., v. Humpick.

reasons, this tax can not be enforced against the property owners. (Preston v. Roberts, 12 Bush, 570.)

2. The evidence shows there had never been any dedication or grant by the property owners of this land called Breckinridge street, as a public street. The filing of a map, showing streets laid off, is not a dedication, if it contains a reservation showing that it was not thereby intended to dedicate. (Niagara Falls v. Bachman, 66 New York, 261.)

3. The use of this strip, called a "street," by the public driving over it for three or four years, without objection from the owners, did not amount to a dedication of it as a street; but was a mere license. (West Covington v. Ludlow, 12 Ky. Law. Rep., 784 ; Sanford v. Covington, 12 Ky. Law. Rep., 450 ; Niagara Falls Co. v. Bachman, 66 New York, 261.)

4. A citizen is not estopped from defending against a street assessment, merely because he did not sue the contractor for trespass, or enjoin him, when he commenced to work on the land. The contractor was bound to inquire whose land it was before commencing work ; and acted at his peril in working without inquiry. It is no ground for estoppel against a taxpayer that he did not enjoin the contractor in advance.

5. The landowners in this case notified the city, before the work began, that there had been no street dedication, and forbade the improvement ; and this notice was disregarded by the city and its contractor.

LANE & BURNETT for appellee.

1. It is a rule to which no exception attaches that the sale and conveyance of a lot described by reference to a map or plan makes such map or plan a part of such deed of conveyance and operates as an express call for every easement, appurtenance, street and alley appearing on the map or plan, and amounts to an immediate and irrevocable dedication to the public of every street and alley delineated on such map or plan. (Rowan v. Portland, 8 B. M., 235 ; Memphis v. Gray, 9 Bush, 137 ; Schneider v. Jacob, 86 Ky., 105 ; Carter v. Portland, 4 Oreg., 345.)

2. The right to have all the streets and alleys referred to and set out in a plan remain public becomes a vested right in the purchaser of a lot according to and in the limits of the plan. (Winona v. Huff, 11 Minn., 114 ; Huber v. Gazley, 18 Ohio, 18 ; 2 Smith's Leading Cases, 181 ; Rowan v. Portland, 8 B. M., 232 ; Logansport v. Dunn, 8 Ind., 378 ; Dubuque v. Maloney, 9 Iowa, 450 ; Demopolis v. Webb, 87 Ala., 663 ; Godfrey v. Alton, 12 Ill., 29 ; Church v. Hoboken, 33 N. J. L., 13 ; Lamar v. Clements, 49 Texas, 347 ; Stone v. Brooks, 35 Cal., 489 ; Cook v. Burlington, 30 Iowa, 94 ; Wiggins v. McCleary, 49 N. Y., 346 ; Davis v. Salita, 63 Pa. St., 90 ; Barclay v. Howell, 6 Pet., 498 ; Arrowsmith v. New Orleans, 24 La. Ann., 194 ; Field v. Carr, 59 Ill., 198 ; Herman on Estoppel, chap. "Dedication"; Angell on Highways, sec. 149 ; Detroit v. Railroad, 23 Mich., 173 ; Evans v.

Caperton, &c., v. Humpick.

Evansville, 37 Ind., 229; Baker v. Johnson, 21 Mich., 319; Parsons v. Trustees, 44 Ga., 529; Patterson v. Duluth, 21 Minn., 493.)

3. Even conceding that the deeds of December 30, 1869, and the recorded plat did not amount to a dedication of a street or alley shown on that plat that had not prior to that date been opened or established, the reference to the maps in the subsequent deeds made it as much a part of each of those deeds as if it had been bodily incorporated into and expressly made a part of each deed, and it amounted to a representation by the several grantors that every street and alley shown or delineated on that map was, as shown by it, a public street and alley.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee Humpick, a contractor, brought this action to enforce a lien on certain land to pay for improvement of what is called Breckinridge street, between Underhill and Vine streets, done by him under an ordinance of the General Council of Louisville. The land assessed to pay for the improvement, and upon which the lien is claimed, is composed of quarter squares between Breckinridge and Caldwell and Dupuy streets, situated north, and between it and Lampton and Vine streets, south. And the only issue that seems to be involved, or that counsel argue, is whether that part of Breckinridge so improved is a public street.

It appears that James Guthrie owned and devised a body of land, within boundary of which are the improvement and also the quarter squares, to his daughters, Ann A. Caldwell, Sarah J. Smith and Mary E. Caperton.

It further appears that, December 30, 1869, the three devisees, their husbands uniting, divided the land and executed deeds of partition. The various parcels allotted and conveyed to each partitioner were described and bounded in the deeds by streets and alleys, all those streets mentioned, including Breckinridge, being designated by name, as were other parallel streets, north and

south of Breckinridge, as well as streets that intersected it. There was also made and recorded with the deeds a, map of the entire tract devised, called and recognized in each deed as "Guthrie's Southeastern enlargement to the city of Louisville." Upon that map is shown not only the relative position of the various streets, alleys and squares within the boundary of the original tract, but each block or square appears to have been subdivided into lots that are numbered. We therefore think the intention to dedicate Breckinridge, as well as all the other streets referred to, for use of the public would be manifest but for the following clause contained in each deed: "But it is distinctly understood and agreed between the parties to these deeds that the calls and descriptions of streets and alleys herein contained, so far as such streets and alleys have not been heretofore opened and established, shall not be construed, as between the parties hereto of the one part and the city or the public of the other part, to be a dedication of such streets and alleys so not heretofore opened or established. But said property is now laid off by squares and blocks bounded by said so called streets and alleys, as shown in the plat herewith recorded and as herein called for, for the convenience of fair and equal divisions and in anticipation of the extension of the city to the lands herein described; and as between the parties they shall be severally entitled to use the said spaces called streets and alleys as outlets and easements in the proper use and enjoyment of their several parcels." Although the streets within boundary of the original tract that had previous to the partition been opened and established were not designated in the deeds, we will assume that Breckinridge street was not one of them.

But the division was made and partition deeds executed in evident anticipation that all the streets and alleys would in time become subject to use of the public; and besides, it was manifestly understood by the partitioners that a sale and conveyance by any one of them of a lot or parcel of the land would give to the vendee and, as a necessary consequence, to the public, use of the street or alley upon which such lot or parcel might abut.

The improvement of Breckinridge street, for which plaintiff in this case seeks payment, was made more than twenty years after execution of the deeds of partition; and in the meantime the city had extended to and even beyond the original tract; each one of the partitioners had sold and transferred title and possession of many lots within boundary thereof; cisterns and wells had been made at expense of the city in streets even farther out than where the improvement in question was made; and a bridge over South Beargrass, where Breckinridge street crosses it, had been erected at a cost of $40,000 to the city, whereby a convenient outlet from lots, not before existing, was afforded, benefit of which appellants have for several years enjoyed.

It is, however, argued by counsel that inasmuch as during the progress of the improvement appellee was notified by appellants they would not pay or contribute to pay therefor, he is not now entitled to any compensation. But no objection was made to construction of the bridge and approaches to it, nor does it appear that appellants have declined to use either it or the improvement of Breckinridge street, full benefit and enjoyment of both which they and their vendees have and will continue to have. If Breckinridge was not at the time a public street,

then the contractor who built the bridge as well as appel-lee who made the improvement were simply trespassers, and appellants might have, by legal proceedings, stopped construction of both, and it seems to us good faith required them to do so, if they did not intend to abide by and avail themselves of the benefit thereof, and thus impliedly dedicate the street if not directly.

In our opinion the facts and circumstances of this case are such as to imply a dedication of Breckinridge between Underhill and Vine streets, and to impose upon appellant the duty of paying for the improvement.

Judgment affirmed.