CASE 62—ACTION TO ENFORCE A LIEN FOR COST OF STREET IMPROVE-
MENT—Sept. 26.

# Bodley, &c., v. Finley's Exr., &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. REVERSED.

EVIDENCE—OPINIONS—MUNICIPAL CORPORATIONS—DEDICATION OF
STREET—STREET ASSESSMENTS—SET-OFF.

Held: 1. Exceptions were properly sustained to portions of a deposition which were opinions of the witness upon questions of law.

2. No lien can arise against abutting property for the cost of improving that part of a street which had not been dedicated.

3. A set-off may be pleaded against the claim of a contractor for the cost of a street improvement, though the governmental power of taxation is exercised in favor of the contractor.

STROTHER & GORDON, JOHN B. BASKIN AND F. W. MORANCY, FOR APPELLANTS.

MAXWELL DAVIS AND LANE & BURNETT, FOR APPELLEES.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

This suit was brought to enforce a lien claimed to exist upon the contiguous property for the cost of improving Floyd street, in Louisville, from Magnolia to Burnett avenue. Under the rulings of this court in Zabel v. Orphans' Home, 92 Ky., 89 (13 R., 385), 17 S. W., 212, 13 L. R. A., 668, and Nevin v. Gaertner (20 R., 1022), 48 S. W., 153, it would seem that the petition was defective. No demurrer was interposed to the petition, but an answer and counterclaim were filed, contesting appellees' right to recover upon the following grounds: First, because a portion of that part of Floyd street improved under the ordinance was not a public or

dedicated street; second, that appellant, Temple Bodley, held an unpaid note, executed by the contractor, Michael Gleason, and two others, for $341.46 and interest, which he sought to set off against the warrant against his property; third, that appellants, Ellen Bodley and Temple Bodley, made a contract with Michael Gleason in February, 1891, by which Gleason agreed to fill within six months thereafter a triangular lot owned by the Bodleys on the east side of Floyd street, so as to bring it two feet above the grade of Floyd street, and, in case of failure on Gleason's part to perform his contract, to pay the Bodleys 25 cents per cubic yard of earth necessary to complete the filling; that Gleason failed to perform the contract, and that 4,356 cubic yards of earth were required to complete the filling, whereby Gleason became indebted to the Bodleys in the sum of $1,089,—which sum also was sought to be made a counterclaim against the warrant against the property of the Bodleys,—the amount of earth necessary to complete the contract having been ascertained in the mode provided for in the contract, by the certificate of an engineer agreed upon; fourth, that other lots of the Bodleys were greatly damaged in the sum of $5,000 by reason of Gleason's failure to perform his contract by filling the triangular lot, and this sum was also set up as a counterclaim. In the chancellor's opinion, he found against the Bodleys' contention as to the dedication of the portion of Floyd street which they maintained had never been dedicated. He based his opinion upon the testimony of C. C. Roe and two deeds referred to in his opinion. It appears, however, that subsequent to the filing of the opinion the submission was set aside, and certain exceptions filed to parts of the deposition of Roe, which were sustained before the judgment appealed from was rendered, and

seem to have been properly sustained upon the ground of incompetency, the portions excepted to being largely opinions of the witness upon questions of law. After the elimination of the part of Roe's testimony to which exceptions were sustained, we are unable to find any evidence in the record of a dedication of the street upon which the northern part of the improvement was made. One of the deeds referred to was executed some two years after the improvement. The other deed referred to contains a reservation as against the public of any right to have Floyd street opened or dedicated until some of the grantees under the instrument should cause it to be done. It would seem that the chancellor was mislead into treating Roe's testimony as in the record after the exceptions had been sustained. Upon the return of the case appellees should, under the circumstances, be permitted to amend their petition, and also to make further preparation upon the question of dedication. If a part of the street was not, in fact, dedicated, no lien can arise against the abutting property for the cost of the improvement of that part.

This brings us to a consideration of the question whether a set-off or counterclaim can be pleaded against a suit upon an assessment for local improvement. In Purdy v. Drake, (17 R., 819), 32 S. W., 939, the question was presented, but not decided, as the set-off there attempted to be pleaded was not sustained by the proof. In Dill. Mun. Corp., section 810, it is said: "As to agreements between the corporation and a contractor to do the work the abuttors or property owners on whom the expense falls are not parties, but are brought into direct relation with the proceeding for the local improvement for the first time when the assessment is made. An assessment is a tax levied

by the corporation upon property to defray the expenses of
the improvement, and the suit to collect it (though brought
by the contractor under authority given for that purpose)
is not the subject of set-off or counterclaim." The cases
cited in support of the text above quoted are California
cases, to the effect, in general, that such an assessment is
a tax "levied by the corporation upon certain property
to defray the expenses of the improvement of a street ad-
jacent to the property." Said the court, in Mimmelman
v. Spanagel, 39 Cal., 393: "The origin, obligatory force,
and whole nature of a tax is such that it is impossible to
conceive of a demand that might be set off against it, un-
less expressly so authorized by statute. No case has been
cited, and probably none can be found, which authorizes
a defendant, when sued for a municipal assessment or tax,
to set up a counterclaim." Undoubtedly, this reasoning
applies with full force not only to cases of general tax-
ation, but also to cases where the municipality is assert-
ing against a citizen a claim for a special assessment for
local improvement, for which it has paid, or become bound
to the contractor. On grounds of public policy, the sover-
eign in the exercise of the power of taxation for govern-
mental purposes must not be compelled to stay its pro-
ceedings in order to adjust its indebtedness to a citizen.
And in this State, while we hold that these special assess-
ments are not included under the designation of taxation
in certain constitutional provisions, we nevertheless rec-
ognize that their imposition is an exercise of the sovereign
power of taxation. Richardson v. Mehler (Ky.) 63 S. W.,
957. But is any public policy violated in permitting a set-
off against the claim of a contractor in whose favor this
governmental power has been exercised? In such case
a contract is entered into by the municipality, on behalf

of the abutting property holders, with a contractor, for
the making of the improvement. Under the statute this
is held to give the contractor a lien upon such property
for the contract price of the work. If, when he seeks to
enforce his lien, the property holder is permitted to set
off a demand against him, this does not in any wise inter-
fere with the exercise of the governmental power, nor
with the progress of the improvement. This claim is
not one by the government, or by the municipality in the
exercise of delegated governmental power. It is a private
claim, for the enforcement of which a statutory lien is
given. The only ground of public policy against the allow-
ance of such a set--off would be the possibility that a pros-
pective contractor indebted to one or more abutting prop-
erty holders might either refrain from bidding or make a
higher bid than he would make if such set-off were not al-
lowed. This objection does not seem to us very forcible,
for we must assume that each contractor knows of the
existence of all legal demands against him, and we can
not assume that he intends to avoid their payment. We
reach the conclusion, therefore, that on proper showing
a set-off may be allowed against a claim for street im-
provement in such cases as it would be allowed against
the assertion of other liens upon property not having their
origin in the exercise of governmental power. For the
reasons given, the judgment is reversed with directions to
allow appellees to amend their petition, and for further
preparation and proceedings consistent with this opinion.