CASE 53.—ACTION BY THE BOARD OF COUNCIL OF THE CITY OF FRANKFORT AGAINST JERRE BRISLAN ON APPORTIONMENT WARRANT FOR CONSTRUCTION OF A SIDEWALK.—September 25.

## Board of Council City of Frankfort v. Brislan

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Municipal Corporations — Street Improvements — Statutory Provisions.—Ky. Stats., 1903, Sec. 3449, authorizes the common council of cities of the third class to pass ordinances requiring the improvement of streets and alleys by grading, etc., any portion thereof, not less in length than one block, etc. Held that, where property is so situated that it is impracticable to divide the territory including it into squares or blocks, or lay off streets or alleys, the council may, never-

theless, order the improvement of the sidewalks, curbing, etc., providing the improvements are not less in length than an ordinary block.

2.  Same — Block — What Constitutes — How Determined. — Ky. Stats., 1903, Sec. 3449, authorizes the common council of a city of the third class to pass ordinances requiring the improvement of streets and alleys by grading, etc, any portion thereof not less in length than one block. Held that, in the absence of a statutory definition of what constitutes a block, its length is a question of fact to be determined from the evidence.

3.  Pleading—Judgment on Pleadings—Submission—Consent that Answer be Taken as True.—Under Civ. Code Prac., Sec. 366, providing that plaintiff shall be entitled to a trial in an equitable action at the first term after the summons has been served, etc., if no issue of fact be made by the pleadings, or if plaintiff consent that the statements of the answer may be taken as true, the averments of an answer will not be taken as true unless plaintiff consents in terms that they shall be so taken, and a motion by plaintiff to submit does not have this effect.

4.  Municipal Corporations—Street Improvements—Action to Enforce Lien—Counterclaim—Damages.—In an action by a city to enforce a lien on defendant's lands for street improvements, consisting of a sidewalk, etc., a counterclaim setting up that in constructing the improvements the contractor did not, as required by the ordinance, make the same in front of the defendant's land, but entered thereon and constructed the sidewalk entirely on the land, encroaching thereon for the purpose, and thereby damaging defendant's property, etc., presented a good defense and entitled defendant to prove the damage, if any, to his property by reason of the taking and injury complained of.

WM. CROMWELL for appellant.

T. L. EDELEN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This action was instituted by the city of Frankfort, a city of the third class, to enforce a lien upon

a lot of ground owned by appellee for apportionment warrants for the construction of a sidewalk, curbing, and guttering along the front of the land and parallel with a public highway. Subsequently, the claim for paving was dismissed, leaving in litigation the amount sought to be recovered for curbing and guttering. Appellee filed an answer and counterclaim in which he set up that the property described in the petition, and upon which it was sought to enforce the lien, did not lie within any portion of the city of Frankfort which was divided into city blocks by streets or alleys, but constituted a body of land which had not been subdivided or laid off into squares or divided by streets, the land being so situated that it was not practicable to lay it off into squares or blocks, or divide it by streets or alleys, and it was averred that the ordinance was void because the board of councilmen had no authority under the statute to make the improvements and charge the property with the cost thereof. Appellee also denied that any contract for the improvement of the property was executed, and affirmatively set up that in constructing the improvements the contractor did not, as required by the ordinance, make the same in front of the appellee's lot, but entered upon his premises and constructed the sidewalk entirely upon his land, encroaching thereon for that purpose from 9 to 13 feet, and in other respects damaging his property in the sum of $600, for which he prayed judgment on his counterclaim. Appellant, in a reply, admitted that the portion of the city of Frankfort in which appellee's property is situated had not been divided into blocks by streets or alleys, but averred that the sidewalk improvements embraced in the ordinance and ordered to be made in front of appellee's property extended

a distance much longer than an average block in the city, and therefore the ordinance directing the improvements was valid; and in another paragraph denied trespassing on the premises of appellee or otherwise damaging his property. A demurrer filed to the first paragraph of the reply was sustained, and, plaintiff declining to amend, "on its motion the cause was submitted for judgment on the pleadings and exhibits, and the court, being advised, adjudged that the petition be dismissed." From this judgment, this appeal is prosecuted.

Section 3449 of the Kentucky Statutes of 1903, which is a part of the act relating to the government of cities of the third class, provides in part that: "The common council shall have power to pass ordinances to require the improvement of streets and alleys, subject to the mode and manner herein designated, either by grading and paving, or by grading, paving and macadamizing, or graveling, guttering, curbing and paving, or planking of sidewalk, any portion thereof, not less in length than one block, or the whole of any street or alley now established, or which may hereafter be established, or by guttering, curbing, paving and grading any number of feet, not less than a block, upon either or both sides of any street where the same shall be necessary to complete such class of improvement on any square or street. * * * That the council may require by ordinance the improvement of any street or alley simply by grading or graveling or macadamizing, or may require by ordinance the whole of any street to be improved by grading, graveling, or macadamizing, guttering, curbing and paving or planking the sidewalk, the whole or any part not less than one block of any street." The only authority for the improvements here made

is found in this section, and it is contended for appellee that the power to impose the cost of improvements upon abutting property exists only when the territory within which the improvements are made is divided into blocks; and as it is conceded that the territory in which the appellee's property is located is not divided into blocks, or laid off into squares by streets or alleys, it is argued that the city was without authority to charge the owner with the cost of the improvements.

It is impracticable to divide the territory which includes appellee's property into squares or blocks, or lay off streets and alleys, and the construction contended for would deny the city the right to improve the appellee's property at his expense or compel him to do it. Although property north, south, east, or west of appellee that was susceptible of being laid off into blocks and squares might be improved at the cost of the property owners, and appellee derive benefit and advantage therefrom, he would escape entirely the burdens of the city government made necessary in the improvement of its sidewalks and streets. We do not believe this construction either reasonable or proper. The purpose of the Legislature in using the expression "not less than a block," which appears three times in the section was evidently to require the city, when it undertook to improve streets or alleys, to improve not less than a block in territory divided into squares or blocks, or, if not so divided, to improve not less than a block in distance. To illustrate: Under this section, if the city desired to make new sidewalks, curbing, and guttering in a new locality divided into blocks, it could not require one property owner to improve his property and relieve the adjacent property owner in the same block, but

must provide for the improvement in the same manner of the sidewalks, guttering, and curbing the full length of the block, so that no favoritism could be shown one abutting property owner or discrimination indulged in against his neighbor. But in that portion of the city that is not and cannot be divided into blocks, or be bounded on one or more sides by streets and alleys, the council may order the improvements of the sidewalks, curbing, and guttering, provided the improvements so ordered are not less in length than an ordinary block. The statute does not mean that no improvements can be made except in territory laid off into blocks and squares, but only that no improvement shall be made for a distance less than the length of a block. Ordinarily, it may be conceded that the word "block" contemplates a territory divided by streets into blocks or squares, or, as defined by Webster, a "block is a square or portion of a city inclosed by streets, whether occupied by buildings or composed of vacant lots." Olsson v. Topeka, 42 Kan. 712, 21 Pac. 219. But, under the peculiar wording of this statute, this construction should not be indulged in, as to do so would deny the city the right to require property owners living in territory within the city that is not and cannot be divided into blocks or squares to contribute their just proportion of the expense of improving the sidewalks, guttering, and curbing in front of their property, and that necessarily enhances its value and results in convenience and comfort to the owners. The fact that the statute does not define the length of a block does not militate against this construction, as it is averred that the improvements extended for a greater distance than the length of a block, and, in the absence of a statutory definition of what consti-

tutes a block, its length is a question of fact to be determined from the evidence as any other disputed question.

We have not been able to find any case directly in point, although a somewhat similar question arose in the case of Gibson v. O'Brien, 6 S. W. 28, 9 Ky. Law Rep. 639, where the court had under consideration the section of the statute supra. In that case the property owners resisted the attempt to enforce a lien upon the property upon several grounds; one of them being that there was no block or city district adjacent to or abutting on the property; that the territory embraced constituted no block or part of a block. In respect to this contention, the court said: ''As to the remaining question necessary to be considered, if it be conceded that the charter permits the improvements of any part of a street equal in length to one block, then it is apparent from the testimony that the distance on each side of Broadway street, from Churchill avenue to the railroad, or to Enders avenue, is equal to two blocks. Some of the blocks in the city are a much greater distance in length than others, but looking to the average, and there are at least two blocks from the beginning of this improvement to its terminus. The length is nearly 900 feet. The definition of a block is not given by the charter, and whether in the sense used a block is constituted by having a street on each side, as a square surrounded by streets, or that the improvement is not to be less in length than that of the average block, still in either event, the charter has been complied with.''

It is further insisted for appellee that, as the answer denied the execution of a contract for the improvement, and the appellant with this denial in the record had the cause submitted for judgment on

its motion, the averments of the answer, must be taken as true; and hence as it stands admitted that no contract for the improvement of the street was entered into, the judgment dismissing the petition was proper. We do not agree with counsel that the submission of the cause on motion of appellant, plaintiff below, had the effect of admitting to be true the averments of the answer. Section 366 of the Civil Code of Practice provides that: "The plaintiff shall be entitled to a trial in an equitable action at the first term after the summons has been served on all the defendants as provided in section 102, if no issue of fact be made by the pleadings; or, if the plaintiff consent that the statements of the answer may be taken as true." Under this section, the plaintiff in an equitable action is entitled to a submission and trial at the appearance term in two states of case: First, if no pleading is filed by the defendant raising an issue of fact; second, if the plaintiff consents of record that the statements of the answer, if one be filed, may be taken as true. The plaintiff in this case, although it moved to submit the action, did not consent of record that the statements of the answer should be taken as true. Therefore it was not entitled to a submission of the case at that term. No objection, however, was made to the motion to submit; counsel for defendant evidently proceeding upon the theory that the motion to submit was in effect consenting that the statements of the answer should be accepted as true. But we do not think this a proper construction of the section. The averments of an answer will not be taken as true, unless the plaintiff consents in terms that they shall be so taken, and a motion by the plaintiff to submit does not have this effect. Gruell v. Smalley, 1 Duv. 359.

The counterclaim presented by appellee set up a good defense, and upon the trial of the case he should be allowed to prove the damage, if any, to his property by reason of the taking and injury complained of. Whether or not a contract was duly entered into presents an issue of fact that may also be determined on another trial.

The judgment is reversed for proceedings consistent with this opinion.

EXTENSION OF OPINION BY JUDGE CARROLL—Overruling petition for rehearing Dec. 6, 1907.

In a petition for rehearing the point is made on behalf of appellant, that appellee should not have the right to assert, as against the city's claim for street improvements, the counterclaim for damages. The improvement was not made by the city, but by a contractor, and the injury and resulting damage to appellee's property, if any, was committed by the contractor. After completing the contract, the contractor assigned his claim to appellant, and the rule that would deny a property owner the right to assert a counterclaim or set-off against the city, if the work had been done by it, and it was seeking to assert its lien, does not apply. As assignee of the contractor's claim, the city occupies no better position than the contractor, and appellee can set up against it any claim for damages that he could have asserted against the contractor. (Kentucky Statutes, sec. 474; Civil Code, sec. 19.) The doctrine that the property owner may rely upon a set-off or counterclaim in a suit by a contractor is expressly decided in Bodley v. Finley 23 Ky. Law Rep. 851, 64 S. W. 439. The petition for rehearing is overruled.