## Barnett, et al. v. L. R. Figg Company, et al.

(Decided June 16, 1915.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, Second Division).

1. Municipal Corporations—Due Process of Law—Liens—Streets.— The hearing which a taxpayer has in court when a lien is sought to be enforced upon his property for the cost of street improvement is all that is necessary to constitute "due process of law."

2. Municipal Corporations—Apportionment Warrant—Streets—Discretion.—It is wholly discretionary with the authorities of a

city as to the manner of the improvement of a. public street therein; and if the city in the exercise of this discretion provides for the improvement in such way as to violate its contract, and the property owners are thereby damaged, the latter may not, after the improvement has been made and they have stood by and instituted no legal proceedings, defeat the enforcement of the apportionment warrants, but will be left to their action at law for damages.

H. O. WILLIAMS, HARDIN H.. HERR and TYLER BARNETT for appellants.

FURLONG, WOODBURY & FURLONG for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an equitable action by the appellee, contractor, to enforce liens for street construction work done by it on Watkins street in Louisville under the provisions of an ordinance of that city and a contract made· in accordance therewith.

The defendants answered, alleging that in the year 1896, A. Barnett and his wife, Kate Barnett, and the German Baptist Orphans Home were the owners of adjoining lands fronting and adjacent to Watkins· street, and that the said Barnetts and German Baptist Orphans Home at that time entered into the following written contract, which was recorded. in. the Jefferson County Court, to-wit:

"This agreement made and entered into by and between A. Barnett and Kate Barnett, his wife, as parties of the first part, and the German Baptist Orphans Home, a corporation of Louisville, Ky., as party of the second part. Witnesseth, That for and in consideration of mutual advantages and benefits in enabling the parties hereto to sell some of their lands in lots to advantage, the said parties hereto have come to the following agreement:

"1.    There shall be opened for a public passway along the division line between the lands of the parties hereto a street forty feet in width, each party giving twenty feet of land for the purpose extending from the alley on the southwesterly side of the land of the second party to the line of Cave Hill Cemetery, the same to be and remain open for the use of such of the public as may desire to use it, and either party may require said street so opened on the month's previous notice in writing to the other. One-half of the fence now on the· divi-

sion line shall belong to each party hereto, and said line shall be the center line of said street.

"2. Said first parties hereby agree to extend the alley along the southwesterly side of said second party's land through their premises, or as to connect with Highland Avenue, and the same to widen from a twenty-foot alley to a passway forty feet wide, by the addition of twenty feet on the northeasterly side thereof, and the same to widen from a twenty foot alley to a passway forty feet wide, by the addition of twenty feet on the northeasterly side thereof, and the same to remain as a public passway, subject, however, to the approval of the proper authorities of the City of Louisville, and any surplus earth coming in grading along the street on the line of the lands of the parties hereto, may be used in making the necessary fill near Highland Avenue in order to make the street named herein more accessible, but first parties or their grantees to pay all costs for said improvements.

"3. Now it is further agreed that when said street on the line between the parties hereto shall be improved, each will pay one-half the costs thereof per front foot or in that proportion per front foot for the lands they may own abutting on said street at the time of its improvement. So much of their lands as may have been sold at that time will have to bear their proportion per front foot in whosoever hands they may be found."

Thereafter, and in May, 1907, the City of Louisville, by an ordinance duly passed, accepted the dedication, as shown by said contract, of Watkins street.

They say that, as shown by the said writing, the purpose of such dedication was to enable the parties thereto to sell their said lands for residence purposes and to convert the said Watkins street from an alley into a residence street.

They say that by the terms of the ordinance, under which the improvement was made, the City of Louisville violated its acceptance of the dedication by providing therein that the carriage way of said Watkins street should be only fifteen feet wide instead of forty feet wide as contemplated in the dedication and ordinance accepting the same; that said improvement ordinance further violated the said contract of dedication by authorizing the erection of the curb in front of and across the forty-foot street running north and south where it intersects with Watkins street.

They say that the city by narrowing the carriage way of Watkins street to fifteen feet has destroyed the purpose of said dedication, and is violative of the contract between the city and the parties, and has deprived the said Barnetts and their heirs and successors of about twenty-two feet of land on the northwest side of Watkins street for a distance of about two-hundred and fifty feet, of the value of $880. They say that prior to the time that the contractor began to work on the street, under the improvement ordinance, they gave notice both to the contractor and the city that the improvement ordinance was void by reason of these facts and that they would so contend.

They also allege that the improvement ordinance was an impairment of the obligation of the contract contained in the deed of dedication, and would be, if enforced, taking their property without due process of law, and for that reason was void.

The Chancellor below entered a judgment providing for the enforcement of the lien and the defendants have appealed.

In the plaintiff's petition the City of Louisville was made a party defendant and the judgment for the amount of the apportionment warrants was prayed for against it in the event they were not an enforcible lien upon the property of the other defendants. The defendants, however, did not make their answer a cross-petition against the city.

It is well settled in this jurisdiction that the hearing which a taxpayer has in court when a lien is sought to be enforced upon his property for the cost of street improvement is all that is necessary to constitute "due process of law." Nevin v. Roach, 86 Ky., 492; Preston v. Roberts, 12 Bush, 570.

An analysis of the defense interposed shows it to be nothing more nor less than an effort to defeat the enforcement of the apportionment warrants because the city has been, as alleged, guilty of a breach of its contract in improving the street in such way as was not contemplated under the terms of the accepted dedication, whereby the defendants have been injured and the value of their property decreased.

Watkins street, after the dedication and acceptance, was a public street of the City of Louisville, and the manner of its improvement was wholly discretionary with the city authorities; if the city in the exercise of

this discretion provided for its improvement in such a way as to violate its contract, and the property owners were thereby injured, they may not, after the improvement has been made and they have stood by and instituted no legal proceedings to stop it, defeat the enforcement of the apportionment warrants; but they will be left to their action at law for damages. Caperton v. Humick, 95 Ky., 105; Pearson v. Zable, 78 Ky., 170; Preston v. Roberts, 12 Bush, 570; Creekmore v. Central Construction Co., 157 Ky., 336.

The judgment of the Chancellor was in accord with these views and it is therefore affirmed.

Whole court, except Judge Settle, sitting.