### Floyd County v. Allen, et al.

(Decided February 18, 1921.)

### Appeal from Floyd Circuit Court.

1. Bridges—Establishment by Public Authorities—Estoppel.—Land owners who sought and permitted the county to erect bridge piers on their property, and suffered the bridge to be so maintained and used by the public for several years, will be estopped to claim the county had no right to erect a bridge at that point.

2. Bridges—Establishment by Public Authorities—Damages.—Where county officials had decided to erect a bridge over a creek at a given point, but at the special instance and request of landowners at a different point on the creek, the bridge was actually erected at a different location, but upon the express condition that the landowners would remove a boom which they operated at said point, the failure on their part to so remove the boom will render the operators of the boom liable for any damages resulting to the bridge caused by the maintenance of the boom.

3. Waters and Water Courses—Easements.—Where a stream in its natural condition is capable of being used to float logs, etc., and has in fact been so used for that purpose, the public has an easement in it and the right to so use it, but not in such a manner as to destroy by neglect the property of those on the banks of the creek.

WM. DINGUS for appellant.

MAY & MAY for appellees Allen and Hatcher.

SMITH & COMBS for appellee Cole & Crane.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This suit was instituted by Floyd county against T. J. Allen, J. W. Hatcher, J. B. Hatcher, J. C. Cole and Clin-

ton Crane, the latter as Cole & Crane, for damages to a bridge across Beaver Creek, caused by the maintenance on the part of the defendants of a boom in the river at that point.

It was charged the defendants jointly owned and operated the boom without right or authority and that enormous quantities of logs were allowed to congregate in said creek. This caused the water to be diverted from its regular channel and resulted in undermining a pier at one end of the bridge.

The Hatchers and Allen denied the allegations of the petition and in addition thereto alleged they were maintaining said boom under an act of the legislature enacted in April, 1886, since which date they had continuously operated the boom. Further, that the piers were erected on property owned by them, without consent on their part, and the defective construction of the bridge was the direct and proximate cause of the damage. The land on one side of the creek was owned by the Hatchers. Allen owned the land on the other side.

Cole & Crane, in addition to other pleas, alleged they were independent contractors and had no control over the manner in which the logs were caught and had no connection with the boom.

In the reply it is alleged the defendants were desirous of having the bridge located at the point where it was actually constructed, though the county authorities had, in effect, practically decided to erect it at a point higher up the creek, but at the special instance and request of defendants, and upon their promise to remove the boom from its then location, the bridge was erected at the site desired by defendants. It was further alleged that the boom was operated in a careless manner, and as to the end of the bridge on the Hatchers' side of the creek they (the Hatchers) had agreed that the bridge might be so erected; while as to the other, or Allen side, it was alleged the bridge was erected on property belonging to the county.

Upon the trial of the case, after the introduction of testimony for plaintiff, the court directed the jury to find a verdict in defendants' favor. From a judgment entered pursuant to the said peremptory instruction the county has appealed.

It is substantially shown by the record that the boom had been operated at the point where the bridge was constructed for a long perod of time, and as to the Hatcher end of the bridge, it was erected on property formerly belonging to the Hatchers. One witness testifies that on the Hatchers' side it was 39 feet from the bridge abutment to the county road; on the Allen side there was a space of some 10 or 12 feet between the road and the abutment.

Whether the abutments of the bridge were erected on the property of Allen and the Hatchers can have no effect upon the rights of the parties to this suit. If it was so erected on their land and the parties sought or permitted this to be done and without objection suffered it to be so used for a number of years they are estopped to come in and now claim the county had no right to build the bridge at this point. This feature may be eliminated from the further consideraton of the case.

In the main the testimony adduced by plaintiff supports the allegations of its pleadings; at least two witnesses testify the county authorities had practically decided to erect the bridge at the point where the road formerly crossed the creek, which was some distance from the present location, but at the request and instance of defendants it was not so located. The county was unwilling to erect the bridge as requested by defendants unless they would remove the boom. This defendants promised to do, and relying upon this promise to remove the boom the bridge was so located; nor would this site have been agreed upon in the absence of an assurance the boom would be removed. Furthermore, on April 6, 1914, the county served notice on the defendants calling upon the operators of the boom to remove it at once.

It is not disputed that logs in great number collected around the piers and that one of the piers, to wit: on the left, or the Allen side of the creek, was undermined and tilted to such an extent that it became necessary for the county to replace it by another, and this was done at great expense. This being true we are of the opinion the case presented, as to Allen and the Hatchers, a question for the jury and the court erred in giving the directed verdict. The rule in this state is that where there is evidence tending to sustain the cause of action the case is for the jury and not the court.

As to Cole & Crane the evidence fails to show they had aught to do with the maintenance or operation of the boom, hence we find no cause for disturbing the verdict as to them. As to the Hatchers and Allen a different question is presented.

In the first place, if the Hatchers or Allen, or any one authorized to speak for them, or any of them, did promise or agree with the county or its officials that if the location of the bridge was fixed at the point where it was actually erected they would remove the boom at that point, failure upon their part to so remove the boom would subject them, or such of them as so agreed, to liability to the county to the extent that the continuance and maintenance of the boom thereafter caused or brought about any damage or injury to the bridge or any portion thereof.

In the second place, if it should appear, or the jury should be of the opinion, that there was a failure of proof on the question of the alleged promise, the Hatchers and Allen would nevertheless be liable to plaintiff for any damage or injury to the bridge caused from negligence on their part or the part of any of them, if any, through the operation or maintenance of the boom.

Whether Beaver Creek is a navigable stream matters not; it was certainly a floatable stream in certain seasons of the year. In many of the early decisions liablity for injury caused by running logs in a stream was generally held to depend upon negligence. In some of the cases that rule is not so strictly adhered to, but in this state, in the case of Goodin's Ex'rs v. Kentucky Lumber Co., 90 Ky. 625, we held that if injury results from neglect of the boom owners in their logging operations a liability arises. If the stream in its natural condition is capable of being used to float rafts, logs, etc., and has in fact been used for that purpose the public has an easement in it and the right to so use it, but not in such manner as to destroy by neglect or wantonly the property of those on its banks. These considerations should govern the court upon a retrial.

For the reasons given the judgment as to Cole & Crane is affirmed and as to the Hatchers and Allen is reversed for further proceedings consistent herewith.