## Lampton & Burks v. Board of Council of City of Danville.

(Decided November 20, 1923.)

### Appeal from Boyle Circuit Court.

Municipal Corporations—City Held Not Liable to Improvement Contractor for Increase in Freight Rates.—Where a contract for improvements of the streets of a city in the fourth class, made under an ordinance directing that the improvements be made at the cost of the abutting owners, provided that contractor should be paid for any increase in freight rates, but city failed to take the necessary steps to charge abutting owners for any such increases, under Ky. Stats., sections 3563, 3574, the city is not liable therefor to contractor.

JAY W. HARLAN, GEORGE E. STONE, and FRED FORCHT, for appellants.

CHENAULT HUGUELY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

By appropriate resolution and ordinances the board of council of Danville, a city of the fourth class, provided for the improvement of certain streets at the cost of the

abutting property owners, and directed the mayor to advertise for bids. Due advertisement was made, and on July 6, 1920, Lampton & Burks submitted a bid. Section 19 of the specifications, which were referred to and made a part of the ordinances, is as follows:

"Bids will be made on existing freight rates at time of contract and the contractor will be allowed for any increase on presentation of certified bills of lading showing that he has paid rates in excess of the published rates at the time of contract. In case of a decrease, the city council shall recover the difference."

On July 13, 1920, the board of council passed two ordinances accepting the bid of Lampton & Burks, which bid was to be incorporated in a written contract required by the specifications to be made between the successful bidder and the city within ten days after written notice of its acceptance. The ordinances accepting the bid were not published at that time, and no written contract between the parties was executed. Indeed, in a letter to the city attorney dated July 30, 1920, Lampton & Burks asked to be relieved from their bid in the event there was no way by which they could be legally paid upon the completion of each of the designated units. Thereupon a suit was brought to test the question, and in the month of November, 1920, it was finally decided that under the ordinances the work would be paid for as each unit was completed. Early in December the ordinances accepting the bid were published, and, on December 6th, the contractors and the city entered into a written contract, which was performed during the year 1921.

On August 26, 1920, which was after the passage of the ordinances accepting the bid, but some time before their publication and the execution of the contract, the Interstate Commerce Commission granted an increase of rates, and, because of this increase, the contractors were compelled to expend the additional sum of $5,203.14 for the transportation of the material used in the fulfillment of the contract. They requested the board of council to include this sum in the cost of the improvements and to assess it against the abutting property owners, but the board refused to do so.

This action was brought to recover the excess in freight rates from the city on the ground that it had authority to order the improvements, and became personally liable because of its refusal to take the necessary steps to make the proper charge against the abutting

property owners. The recited facts appear in the petition, answer and reply. The cause being submitted on the pleadings, the court overruled a demurrer to the second paragraph of the answer, and sustained the city's demurrer to the petition. From that judgment this appeal is prosecuted.

In view of the conclusion of the court, the only question we deem it necessary to decide is whether the city is liable, even if it be conceded for the purposes of this case that the sum sued for was a proper charge against the abutting property owners.

Because of the apparent conflict in the numerous decisions on the question, the court, in the recent case of Cohen v. City of Henderson, 182 Ky. 658, 207 S. W. 4, took occasion to review all the cases involving the liability of a municipality for street improvements, and announced the following rules:

"(1) Where statutory provisions prohibit a municipal corporation from constructing streets, at the cost of the municipality, or impose conditions upon its power to do so, the municipality can not be made liable in the first instance, for street improvements, nor in the second instance unless the conditions are complied with. (2) Where a statutory provision applies to a municipal corporation, to the effect, that the corporation cannot be made liable for street improvements, unless it shall have the right to enforce the payment of the costs against the property which receives the benefits of the improvements, that provision is upheld, but it is held that where such a statutory provision prevails, it applies only to cases where the corporation has the right and authority to make the improvement at the cost of the abutting property, and does not apply to cases where the corporation has the right to contract for the improvements, and is not prohibited by statute from paying for them, but, on account of the nature or ownership of the property, it cannot be subjected to the costs, and in the latter state of case, the corporation will be liable to the contractor, although the contract provided that the improvements should be made at the costs of the abutting property. (3) In the absence of statutory provisions prohibiting a municipality from improving the streets at its cost, the general rule is, that where a city or town has the power and authority to contract for a street improvement, but has no authority to make the costs of the im-

provement a charge upon the abutting property, the corporation is primarily liable to the contractor. (4) Another rule is that where a municipal corporation has authority to contract for street improvements, and is not prohibited by statute from paying for them, and makes a contract to have the work done at the cost of the abutting property, and has authority so to do, but fails and neglects to adopt the proper measures or to take the proper steps to make the abutting property liable to an assessment for the costs, the corporation is liable to the contractor, although the contract provided that the improvements should be made at the cost of the abutting property.''

It is insisted that this case falls within rule 4. It will be observed that one of the prerequisites to liability under rule 4 is that the city is not prohibited by statute from paying for the improvements. It is ably argued that as section 3563, Kentucky Statutes, provides that the board of council of any city of the fourth class may provide by general ordinance that such city shall pay part, and if so, what part, of the cost of improvement of the streets, alleys, sidewalks and other public ways of such city, there is not only no prohibition against the city's paying for street improvements, but express authority to pay. We find, however, that section 3574 contains the following provision: ''And in no event shall the city be liable for any part of the cost of such improvement except as provided in section 3563,'' and that section 3563 provides that the improvement of public ways shall be made at the exclusive cost of the abutting property owners ''except as hereinafter provided.'' The only exceptions are (1) That part payable by street railway companies; (2) the cost of intersections and all improvements where the abutting owner is a school or cemetery, state or United States, which cost is payable by the city; and (3) where the board of council provides by general ordinance that the city shall pay part, and if so, what part, of the cost of the improvement. Here, it is sought to recover the additional cost which, it is claimed, should have been assessed against the abutting property owners. The only way that the city could become liable under section 3563 for any portion of the cost was by the enactment of a general ordinance providing what part of the cost of public improvements the city should pay. Not only was there no such ordinance in this case, but the ordinances directed that the improvements be made at the cost of

the abutting property owners. As section 3574 provided that in no event should the city be liable for any part of the cost of the improvements, except as provided in section 3563, and as the board of council failed to adopt the only plan by which the city could be made liable, it necessarily results that the city was prohibited by statute from paying any portion of the cost. Having this view of the case, it follows that the demurrer to the petition was properly sustained.

Judgment affirmed.