## City of Ashland v. Stewart, Trustee.

## Stewart, Trustee v. Holbrook, et al.

(Decided April 30, 1926.)

### Appeals from Boyd Circuit Court.

1. Municipal Corporations—Authority to Construct Sewers Paid for by General Taxation Not Limited as to Area to be Constructed at One Time (Kentucky Statutes, Section 3290, Subdivision 8).— Under Kentucky Statutes, section 3290, subdivision 8, there is no limitation or restriction on authority of city as to area to be constructed at one time or under one contract for sewer construction, where it is to be paid for by general taxation.

2. Municipal Corporations—Where Cost of Sewer is to be Assessed Against Property Owners, Contract Must Comply with Charter (Kentucky Statutes, Section 3290, Subdivision 8).—Under Kentucky Statutes, section 3290, subdivision 8, city cannot contract

for sewer construction in any other manner than that specifically set forth in charter as to area to be sewered at one time, and apportionment of cost, where cost thereof is to be assessed against property owners.

3.  Municipal Corporations—City Contracting for Public Improvements is Limited by Restrictions Imposed by Charter.—City may do anything in way of public improvements authorized by its charter, but in contracting for such work it is limited by restrictions imposed by same charter.

4.  Municipal Corporations—Abutting Property Owners Cannot be Charged with Cost of Sewer Improvement, where Charter Provisions are Not Complied with (Kentucky Statutes, Section 3290, Subdivision 8).—Where city fails to comply with Kentucky Statutes, section 3290, subdivision 8, in contracting for sewer construction to be paid for by abutting property owners, such owners cannot be charged with cost of improvement.

5.  Municipal Corporations—City Violating Charter in Contracting for Sewer Improvement is Liable to Contractor for Cost Thereof, Though Contract Provided for Payment by Property Owners (Kentucky Statutes, Section 3290, Subdivision 8).—Where city had express authority by Kentucky Statutes, section 3290, subdivision 8, to contract and pay for sewer improvement at cost of property owners, but failed to comply with charter, city is liable to contractor, though contract provided that cost be assessed on abutting property owners.

6.  Estoppel.—To rely on plea of estoppel in pais or by conduct or acquiescence, it must be pleaded.

JOHN T. DIEDERICH for appellant, City of Ashland.

. J. F. STEWART in pro. per.

W. D. O'NEAL for other appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming each judgment.

These two appeals are by separate parties from the same judgment, and growing out of a litigation between the city of Ashland, a contractor for sewerage construction, and certain property owners whose property is sought to be subjected to the payment of assessments for sewerage construction.

During the period covering the transactions involved, the city of Ashland was a city of the third class, and in 1919 it took such steps, through its common council, as were deemed necessary to construct sewers in a small area in the eastern section of the city embraced within sewer district No. 9, which had theretofore been

designated as such, together with other sewer districts within the city, preparatory to having sewer construction made at the expense of the property holders, which action by the council is required by the city charter if the cost of construction is to be assessed against the property.

The city, after apparently complying with all preliminary steps required by the charter, entered into a contract with Charles W. Menshouse for the construction of the sewers in this area, the cost to be assessed against the property affected. Menshouse proceeded to and did construct the sewers, which construction was accepted by the council, and assessment warrants issued to the contractor in compliance with the contract.

Many of the property owners appear to have paid the assessment, but appellees Holbrook and others declining to pay the same, these suits against them by the contractor resulted. In the progress of the litigation the city of Ashland was made a party, and the contractor prayed in the alternative for a judgment against the city for the amount of the unpaid assessments in the event it should be determined he was not entitled to a judgment against the several property owners.

There were several defenses interposed by the property owners, but in view of our conclusion, it will be necessary to consider only one of them.

During the litigation the trustee in bankruptcy of Menshouse was substituted as plaintiff, and the court upon final submission entered a judgment dismissing the plaintiff's petitions against the property owners, but entered a judgment in favor of the plaintiff against the city for the total amount of the unpaid assessments against the property sought to be subjected, and from that judgment these separate appeals are prosecuted by the city against both the trustee and the property owners, and by the trustee against the property owners alone.

Section 3290, subsection 8, Kentucky Statutes, is a part of the charter for cities of the third class, and its provisions are the basis of the only defense which it is necessary to consider. Among other things it provides:

"The common council may construct or reconstruct, maintain, alter, repair or change a system of sewers in such manner and at such time as the common council shall, by ordinance declare, either by general taxation or at the cost of the property owners. The common council may by ordinance, con-

struct, build, maintain, repair, alter or change a system of sewers at the cost of the property owners of said city; but if so constructed, the same shall be done as follows: The common council shall divide said city into districts of not less than three nor more than nine, and as nearly equal in area and population as possible; and not less than one district shall be sewered at one time. The cost of sewering an entire district shall be apportioned among the property owners of said district ratably, according to the superficial area of said property owners' holdings in said sewer district.''

The very first provision in the quoted section gives to the council the power to have sewers constructed ''either by general taxation or at the cost of the property owners,'' and when such construction is to be paid for by general taxation there is no limitation or restriction upon the authority of the city as to the area to be constructed at one time or under one contract. But the subsequent provision explicitly denies to the council the authority when the improvement is to be made at the expense of the property owners to have less than one sewer district sewered at one time, and clearly provides that the cost thereof when so assessed against the property owners ''shall be apportioned among the property owners of said district ratably.'' The language is susceptible to no other interpretation than that it is a prohibition against the city, where the cost of sewer construction is to be assessed against the property owners, from contracting for the same in any other manner than that specifically set forth in the charter. But there being no such prohibition where the improvement is to be made and the cost paid by general taxation, there is no limitation as to the area that may be authorized when the improvement is to be paid for at the expense of the city. It is true a city may, subject to constitutional restrictions, do anything in the way of public improvements authorized by its charter, but in contracting for such work it is likewise limited by the inhibitions or restrictions imposed upon its power by the same charter. Cohen v. City of Henderson, 182 Ky. 658.

We have here a municipality undertaking to contract for a public improvement at the cost of property owners in a manner clearly prohibited by the charter under which it is acting.

It is true that in Katterjohn v. King, 202 Ky. 69, an action involving the validity of improvements in a city of the second class, this court held under the charter provision there involved that as there was no statutory prohibition against it, the city might enact ordinances dividing a sewer district into zones; but in this case we have not only a charter provision prohibiting such action by the council, but there appears to have been no action whatever attempting to divide sewer district No. 9 into zones.

From this view of the charter it follows the court properly dismissed the actions seeking to subject the property in question.

But it is said for the city that even though the council failed to comply with the charter provision quoted, yet the city was not liable to the contractor, and reliance is had upon the cases of Cohen v. City of Henderson, 182 Ky. 658, and Lampton & Burks v. Board of Council, 201 Ky. 81.

Obviously neither of the cases supports the contention. In the first named case there was an effort by the holder of certain improvement bonds issued by the city under a void ordinance authorized by a void and unconstitutional statute, to collect the same from the city in the face of a charter provision that the municipality could not be made liable for the cost of street improvements unless it could enforce the costs thereof against the abutting property, and the court held that there could be no recovery on the bonds. But incidentally in that opinion the court did state and uphold the very rule of law under which the contractor in this case was given a judgment against the city, for in the course of the opinion it said:

"Where a municipal corporation has authority to contract for street improvements, and is not prohibited by statute from paying for them, and makes a contract to have the work done at the cost of the abutting property, and has authority so to do, but fails and neglects to adopt the proper measures or to take the proper steps to make the abutting property liable to an assessment for costs, the corporation is liable to the contractor although the contract provided that the improvements should be at the cost of the abutting property."

Here the city had express authority in its charter to contract and itself pay for the improvement, and it likewise had authority to contract for the doing of the work to be paid for at the cost of the property owners; but in undertaking to do the latter it violated the provisions of its charter and exceeded its power by selecting a plan and method of doing the business prohibited by statute. Lampton & Burks v. Board of Council, 201 Ky. 81, was an effort by the contractor to hold the municipality liable under the terms of the bid made for certain increased freight rates which it had become necessary for the contractor to pay. When it provided for the assessments against the abutting property the council did not provide for the increased freight rates, and the contractor proceeded upon the theory that its failure so to do made the city liable for the increased rate. That was a city of the fourth class, and the court, after considering the charter provisions, held that the contractor was not entitled to a judgment against the city because of certain provisions in the charter that the city should not be liable for any part of the cost of improvements with certain exceptions, which exceptions the city in that case had failed to adopt by ordinance as was required.

The two cases thus relied upon are based upon charter provisions and states of case essentially different from that with which we are dealing, and are not in conflict with this opinion. Other cases sustaining under the facts of this case the liability of the city to the contractor are: Kearney v. City of Covington, 1 Met. 339; Murphy v. City of Louisville, 9 Bush 189; City of Louisville v. Nevin, 10 Bush 549; Craycraft v. Selvage, 10 Bush 696.

But it is said for both the city and the contractor that the property holders are estopped now to assert that their property is not liable for the assessment made by the city. However, it becomes unnecessary to inquire into the soundness of this contention for the transcript does not disclose that either the contractor or the city has relied upon any such plea or asserted the same in their pleadings. It is always necessary to rely upon by pleading an estoppel *in pais*, or an estoppel by conduct or acquiescence.

The judgment of the chancellor is in accord with these views, and upon each of the appeals the same is affirmed.