## Fischer et al. v. James A. Diskin Company et al.

## James A. Diskin Company et al. v. City of Fort Thomas.

(Decided Jan. 17, 1933.)

(As Modified on Denial of Rehearing March 14, 1933.)

BARBOUR & BASSMANN and J. GARVEY DAVIS for appellants.

JAMES GARVEY DAVIS and ODIS W. BERTELSMAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This suit was filed by the appellees, James A. Diskin Company and the Citizens' Bank & Trust Company, to subject property of the appellants, Joseph Fischer, Sr., and his wife, to the satisfaction of an apportionment warrant for $100.20 for the construction of a sewer in Fort Thomas.

The defense is that the city had entered upon the appellants' property and constructed the sewer through it without right or authority and that the assessment is invalid because the city did not have legal title to the property upon which the public improvement was placed. The appellees brought the city of Fort Thomas into the case, and asserted that if the property should be held not liable, judgment for the amount of the warrant should go against the city. The case went off on demurrers and judgment was rendered ordering a sale of appellants' property to satisfy the lien. The appeal is brought here by the property owners. The plaintiffs below bring an appeal from the judgment dismissing their claim against the city, but it is in the alternative and seems to have been brought as a matter of precaution, for they are insisting upon the liability of the property.

The form of the ordinance and the topographical condition under which the sewer was built are like those described in City of Jackson v. Riffle, 219 Ky. 689, 294 S. W. 142. The statute was construed in that opinion to authorize the construction of sewers on other than public ways and to justify the apportionment of the cost to the property benefited. As here, it was there shown that the only practical way to build the sewers was to follow the natural drainage in many places across or through private property, or, as the statute says, "such other rights of way as it may acquire," referring to the city (Ky. Stats. 1930, sec. 3579a-1).

The city had not acquired the easement by contract or condemnation. But the appellants stood by and saw the sewer laid and fully completed through the rear end of their lot without raising any objection whatsoever. They did not respond to the notice given to all concerned to appear before the council and enter any objection they may have had to the assessment against the property. They did nothing until suit was filed to enforce that assessment. Had objection been made, doubtless the city would have pursued a different

course. Nevertheless, we think under the circumstances the city did acquire a right of way within the contemplation of the statute.

We have a somewhat similar case in City of Clinton v. Franklin, 119 Ky. 143, 83 S. W. 140, 26 Ky. Law Rep. 1056. Suit was filed by the city to enforce a lien for $11.61 as the defendant's proportion of the cost of a plank sidewalk constructed pursuant to an ordinance. The claim was resisted upon the ground that the sidewalk had been built upon the defendant's property without right and over his protest and he had not been compensated for it. The defense was sustained and the appellants here insist that this authority is controlling. We think the cases are distinguishable. There the property holder made repeated objections to the encroachment upon his property both before and during the progress of the work. With full knowledge that the city had no right to build the sidewalk there, it and its agents, disregarding the protests, went ahead with their eyes open to the situation. The constitutional power of the city to condemn the property if it could not be acquired by agreement, and the corresponding right of the property holder to compensation, are noted in the opinion. The decision was rested upon the ground that since the city had not acquired any part of the lot for the sidewalk, the ordinances authorizing the construction conferred no authority to build it there, and consequently no charge or lien upon the lot for the cost was created. The city was restricted to building on its own property and could not contract in any other manner than that specifically authorized. See City of Ashland v. Stewart, 214 Ky. 234, 282 S. W. 1092.

In the instant case the authority of the city was to build the sewer wherever it could acquire a right of way, and this property holder made no protest whatever, but stood by and acquiesced in the construction through his property until long after the work had been completed and then made complaint. The city did acquire the right of way. Attention is drawn to the companion case of City of Clinton v. Franklin, 83 S. W. 142, 26 Ky. Law Rep. 1053, in which a judgment against the city for the value of the land taken for the sidewalk was sustained.

It is a plain principle that if one having a right and seeing another about to invade it stands by in such a

way as to induce the one doing the act to believe that he consents to the invasion of that right, when otherwise such person might have refrained from doing so, he is estopped from complaining of it. Trimble v. King, 131 Ky. 1, 114 S. W. 317, 22 L. R. A. (N. S.) 880. So in Floyd County v. Allen, 190 Ky. 532, 227 S. W. 994, where the county sued to recover damages to a bridge caused by the maintenance of a log boom, the bridge abutments had been erected upon the property of the defendants without their permission, but without objection they had suffered it to be so used for a number of years, it was held the defendants were estopped to claim that the county had no right to build the bridge there.

In Caperton v. Humpick, 95 Ky. 105, 23 S. W. 875, 15 Ky. Law Rep. 430, the apportionment of the cost of constructing a street was resisted because there had been no formal dedication of it to the public use and the title was in the owners of the property assessed. Although the owners had notified the contractor during the progress of the work that they would not contribute to the cost of the improvement, and the contractor was a trespasser (though following the plans), yet it was held that since the owners made no objection to the construction, took no legal action to stop it, as good faith demanded, and had the use and benefit of the improvement, they had impliedly dedicated the street to public use and were liable for the cost of the improvement. Under many decisions it may be said that the parties having suffered all to be done that was done, it is too late now to resist the payment of their share of the cost of the improvement upon the ground asserted. Creekmore v. Central Construction Company, 157 Ky. 336, 163 S. W. 194; Realty Savings Company v. Southern Asphaltoilene Road Company, 180 Ky. 242, 202 S. W. 679; Chesapeake & O. R. Co. v. City of Olive Hill, 231 Ky. 65, 21 S. W. (2d) 127; Friel v. Grayson Road Corporation, 226 Ky. 794, 11 S. W. (2d) 943.

While the invasion of private property by public authorities and its subjection to public use is a taking of the property within the meaning of sections 13 and 242 of the Constitution, and in a proper proceeding compensation therefor may be obtained (see notes to those sections, and particularly City of Clinton v. Franklin, supra), it is well established that such a

698

claim cannot be made a set-off or counterclaim in a suit to enforce the lien against the property where the contractor asserting it did the work in accordance with the plans and ordinances of the municipality. Bayes v. Town of Paintsville, 166 Ky. 679, 179 S. W. 623, L. R. A. 1916B, 1027; Herndon v. Brawner, 180 Ky. 807, 203 S. W. 727. There is a distinction where the claim is a personal one, as where the holder of the warrant is indebted to the property owner on another account (Bodley v. Finley's Ex'r, 111 Ky. 618, 64 S. W. 439, 23 Ky. Law Rep. 851), or a claim for damages against the contractor growing out of a departure from the plans of construction furnished by the city. Board of Councilmen of City of Frankfort v. Brislan, 126 Ky. 477, 104 S. W. 311, 1199, 31 Ky. Law Rep. 867, 32 Ky. Law Rep. 377. But no such claim was asserted in this case. There was no denial that the work was done in accordance with the ordinance and plans. The answer merely set up the fact of trespass and want of title in the city to the property in which the sewer was laid, and asked a dismissal of the petition.

Wherefore the judgment subjecting the appellants' property to the lien is affirmed.

Since that conclusion relieves the city of its liability, the judgment in the appeal against it was proper, and it is also affirmed.