City of Clinton v. Franklin.

---

CASE 19—ACTION BY THE CITY OF CLINTON AGAINST J. L. FRANKLIN TO ENFORCE A LIEN AGAINST DEFENDANT'S HOUSE AND LOT FOR THE COST OF CONSTRUCTING A PLANK SIDEWALK IN FRONT OF HIS PROPERTY.—NOV. 29.

# City of Clinton v. Franklin.

APPEAL FROM HICKMAN CIRCUIT COURT—R. J. BUGG, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

MUNICIPAL CORPORATIONS—CONSTRUCTION OF SIDEWALKS—RECOVERY OF COST—LIEN—TAKING PRIVATE PROPERTY.

1. Kentucky Statutes 1903, section 3653, provides that whenever property is needed for municipal purposes, if compensation therefor can not be agreed on, the authorities may condemn the same in the manner provided by sections 835-840; and Constitution, sec. 242, as well as Kentucky Statutes 1903, sec. 839, provide that municipal corporations shall make compensation for property taken or destroyed by them before the taking, or secured before injury thereto; and Bill of Rights, sec. 13, declares that no man's property shall be taken for public use without compensation. HELD that where a city of the fifth class constructed a sidewalk on plaintiff's property without compensation, its ordinances declaring the improvement necessary and directing that it be done, enacted under Kentucky Statutes 1903, sec. 3643, con-

ferred no authority on the city's agents to construct the sidewalk.

2. A city having unlawfully constructed a sidewalk on a portion of defendant's land without compensating him, the fact that the city might have condemned the land, and that the making of the walk added to the value of the land, did not authorize a decree in a suit by the city to enforce a lien for building the sidewalk charging defendant with the cost of the improvement and the city with the value of the ground.

BULLOCK & SMITH, ATTORNEYS FOR APPELLANT.

1. Our contention is that a city of the fifth class is entitled to recover the cost of a sidewalk built in front of the owner's property from the owner after giving him an opportunity to build it and he fails to do. Ky. Stat., sec. 3643; Porter v. City of Clinton, 24 R., 2455 (74 S. W., 232).

2. In an equitable action it is the duty of the chancellor to do equity between the parties, and when there is relief demanded and a right to relief shown it is the duty of the chancellor to determine what equity is and see that equity is done

J. M. BRUMNEAL & SON, FOR APPELLEE.

1. We admit the authority of the city to have erected this sidewalk on the street in front of appellee's lot and to make him pay for it, but we deny the right of the city to place a sidewalk on appellee's lot, leaving a strip of appellee's land between the sidewalk as constructed and the street, which was done in this case, as shown by the evidence.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

By this action in equity the appellant, city of Clinton, sought to enforce a lien against the house and lot of the appellee, J. L. Franklin, for the sum of $11.61, which sum was alleged to be his proportion of the cost of constructing a plank sidewalk 95 feet in length on Clay street in front of his property. It was averred in the petition that the making of the sidewalk was a work of public necessity, and that the council of the city, by ordinance duly enacted, ordered that it be made, notice of which was given appellee;

and, he having been given the option to do the work him-
self, and failing to avail himself of that right, it was done
by the agents of the city in a proper manner, and at the
cost above indicated, which appellee refused to pay.   The
answer of the appellee traversed the averments of the pe-
tition, and in addition charged that the appellant's agents,
instead of making the sidewalk upon the street and along
the side thereof abutting his lot, placed it wholly upon his
lot, without his consent, and over his protest; and, that
.fact having been established by the evidence, and it appear-
ing that appellant had failed to take the necessary steps
to secure the right to construct the sidewalk on appellee's
lot, or to compensate him for the ground taken therefor,
the petition was dismissed by the circuit court.

Appellant is a city of the fifth class, and the authority
given it to construct and repair the streets and sidewalks
within its corporate limits is conferred by section 3643,
K. St., 1903, which provides: "The city council is hereby
authorized and empowered to order any work they deem neces-
sary to be done upon the sidewalks, curbing, sewers, streets,
avenues, highways, and public places of said city.   The cost
and expense incurred in constructing or repairing streets,
avenues, highways, sewers and public places shall be paid
out of the general fund of the city.   The expenses incurred
in making and repairing sidewalks and curbing shall be
paid by the owners of the land fronting and abutting there-
on, each lot, or a portion of a lot, being separately assessed
for the full value thereof to the entire length of the whole
improvement, not exceeding a square sufficient to cover the
total expense of the work, but the owners of such property
shall have the right to make such improvements, if they
prefer doing so, instead of paying for same.   Whenever any

expense or cost of work shall have been assessed on any lands as herein provided, the amount of said expense shall become a lien upon said lands, which shall take precedence of all other liens, and which may be enforced by the contractor or city in accordance with the provisions of the Code of Practice." Counsel for appellant in effect concedes that it constructed the sidewalk on appellee's lot without right, but insists that its council acted in good faith and for the public good in doing so, and furthermore that the sidewalk added to the value of appellee's lot, and for these reasons appellant was in equity entitled to recover the cost of the improvement, less the value of the ground appropriated therefor; and, in any event, that appellee can not complain of the appropriation of his ground for the sidewalk, as he was given the opportunity to construct it, and could have placed it on the street, but refused to avail himself of the right thus given him. In response to these contentions it may be said that it appears from the record that the appellant and its agents intrusted with the work of making the sidewalk knew before the beginning of the work of the appellee's claim to and ownership of the lot, and that he repeatedly objected to the building of the sidewalk where it was placed, both before the work was begun and during its progress. Appellant, therefore, began and completed the improvement with its eyes open to the situation. Upon the other hand, in acquainting the appellant with his ownership of the lot, and refusing his consent to the placing of the sidewalk thereon, the appellee did all that could have been expected of him, and even more than the law required, as it was the duty of appellant and its agents to know whether the ground upon which the sidewalk was constructed was a part of the street. If, in order to widen the street, it was necessary to secure a part of appellee's lot for the

sidewalk, and this could not be done by contract or agreement with him, appellant might have acquired it by condemnation proceedings, as allowed by section 3653, Ky. St., 1903. which provides: "Whenever property is needed for municipal purposes, and an ordinance is enacted so declaring, the proper authorities of the city or town may, if compensation therefor can not be agreed upon, proceed to condemn the same in the manner provided for the condemnation of land for railroad purposes." (As to mode of procedure, see Ky. St., 1903, sections 835-840, inclusive.) In such proceedings just compensation must be made to the owner of the land condemned before it is taken from him. Not only is it so declared by statute (section 839), but also by the Constitution (section 242), which provides: "Municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual, before such injury or destruction." We may, in some sort, realize the importance attached to this subject by the framers of the Constitution when we find that the same provision was likewise inserted by them in section 13, Bill of Rights, which declares: "Nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him." As appellant had not acquired any part of appellee's lot for its sidewalk before constructing it, and had not previously compensated him therefor, its ordinances declaring the improvement necessary, and directing that it be done, conferred no authority upon its agents to construct the sidewalk upon appellee's lot, and consequently created no charge or lien upon the

lot for the cost thereof. Nor did it follow that because appellant might have acquired enough of the lot for the sidewalk under proceedings of condemnation, or that the making of the sidewalk added to the value of appellee's lot, the chancellor was thereby authorized to ignore the mandatory provisions of the Constitution and Statutes, and deprive him of his property by some sort of supposed equitable process whereby he might be charged with the cost of the improvement and appellant with the value of the ground occupied by the sidewalk.

Wherefore the judgment is affirmed.