## Bailey Construction Company v. Cornett.

(Decided March 6, 1923.)

### Appeal from Harlan Circuit Court.

1. **Municipal Corporations—Setting Out Proceedings in Petition to Enforce Lien for Improvements is Unnecessary.**—Under Ky. Stats., 1922, section 3574, providing in part for public improvements

by cities of the fourth class, which makes an allegation in an action to enforce a lien for such improvements, that the improvement had been made and the work accepted pursuant to ordinances of the city duly passed in accordance with law, a sufficient pleading, it is unnecessary in a petition containing the statutory allegation to set out the facts relating to the improvement and the passage of the preliminary resolution, ordinances, and the making of the contract, and such unnecessary allegation does not render the petition demurrable.

2.  Pleading—Exhibits Filed for Use as Evidence do not Always Control Allegations of Petition.—Though writings like a note or other written contract, which constitute the basis of the action and for that reason are required by Civil Code of Practice, section 120, to be filed with the petition as exhibits, must control if they contradict the allegations of the petition, that is not always true of writings permitted by section 128, Code, to be filed as exhibits merely for use as evidence, which exhibits do not form part of the record, unless used as evidence on the trial.

3.  Municipal Corporations—Failure of Resolution and Ordinances Filed with Petition as Exhibits to Show Adoption and Publication Does not Invalidate Petition.—Where a petition to enforce a lien upon abutting property for the improvement of a street in a fourth class city contained the allegation of regularity which was made sufficient by Ky. Stats., 1922, section 3574, the fact that the resolution and ordinances, which plaintiff was erroneously compelled by the court to attach to his petition, failed to show that they had been adopted by a yea and nay vote or that they had been published, did not render the petition insufficient, since those exhibits were not a part of the petition and proof of the legal adoption and publication of the resolution and ordinances could be made from record of council meetings.

4.  Municipal Corporations—After Work is Accepted, Property Owner Must Show Defense to Lien.—After a municipal improvement has been completed and accepted by the city, which has apportioned the cost against the abutting property owners, an owner objecting to the lien must by answer set up and by proof establish, such a defense as would defeat the lien.

JOHN D. CARROLL and J. S. FORRESTER for appellant.

G. C. RAWLINGS and SAMPSON & SAMPSON for appellee.

Opinion of the Court by Judge Settle—Reversing.

The appellant, Bailey Construction Company, a corporation, attempted by this action in equity to enforce, as against certain lots in Harlan, Kentucky, the property of the appellee, A. B. Cornett, liens aggregating in amount $1,371.42 arising, as alleged, out of its construction by authority of and under a contract with the city

council of Harlan of certain of its streets abutted by the lots of appellee; the acceptance by the council of the work of construction when completed, and its apportionment to and against the lots, respectively, of the several sums as constituting the appellee's proportionate share of the cost of such street construction.

The appellee filed in the court below a general demurrer to the petition, which that court sustained. Appellant duly excepted to this ruling and declined to further plead; thereupon the court entered judgment dismissing the petition at its cost, and from the judgment indicating these rulings the latter has appealed.

The General Assembly of this state in March, 1916, by chapter 113, Acts 1916, page 675, amended the previous statute and greatly enlarged the powers of the boards of council of cities of the fourth class, to which Harlan belongs, respecting their control, construction and reconstruction of streets, alleys and other public ways in such cities. The provisions of this amendatory act, together with such of those of the prior statute as seem to have been retained by it, are now contained in sections 3562 to 3579, inclusive, Kentucky Statutes (edition 1922). Prior to the passage of the act of March, 1916, the statute respecting cities of the fourth class made no provision for the creation or enforcement of liens upon or against the abutting real estate of property owners for the reconstruction of streets, but such liens are allowed by the present statute for reconstruction as well as original construction of streets.

The specific powers conferred by the statute, *supra,* on the boards of council of cities of the fourth class with respect to the control of their streets and other public ways are enumerated in section 3562; but the power of the council to improve them at the cost of the abutting property owners, providing for the assessment of such property for such cost and the giving of liens thereon for its payment, are more particularly set forth in the succeeding section, 3563. By section 3570 it is provided that the council at least thirty days before ordering, through the passage of an ordinance, the improvement of any street, alley, public way or sidewalk as allowed by section 3563, shall adopt and cause to be published in a newspaper as therein directed a resolution designating the streets, public ways or sidewalks to be improved, etc. This section also provides for the filing of petitions by owners of property abutting the streets or other pub-

lic ways sought to be improved at any time before the final passage of the ordinance ordering the improvement, for the purpose of designating the material to be used for that part of the improvement for the cost of which their abutting property would be liable, or of protesting against the improvement; and in either event the wishes of the petitioners or protestants shall prevail, unless overridden by an ordinance passed by a two-thirds vote of the members of the council.

Sections 3571-3573 relate further to the powers of the council and street committee in deciding what streets or other public ways shall be improved, the material to be used in same, plans and specifications for the work, requiring of estimates, advertising for and accepting of bids, letting of contracts for work, and the like.

Section 3574 also contains an enumeration of further powers that may be exercised by the council; among them the authority to consider protests, hear evidence, reject or accept work of construction, apportion the cost thereof against abutting property, and take such steps, by action or otherwise, as may be necessary to enforce the liens therefor in the interest of the city. This section also provides:

"Nor shall any error of the proceedings of the board of council exempt any property from the lien for, or payment of, such taxes after the work has been done and accepted as provided in this section; but the board of council or the courts in which suits are pending shall make all corrections, rules and orders to do justice to all parties concerned; and in no event shall the city be liable for any part of the cost of such improvement except as provided in section 3563. Such liens may be enforced, as other liens on real estate, by action brought in the name of the city or the contractor entitled thereto, *and in any such action an allegation in substance that the improvement had been made and the work accepted pursuant to and by ordinances of the city duly passed in accordance with law, shall be a sufficient pleading of the ordinances and proceedings under which the work was done and accepted without setting out the same in full.* . . . "

In the very recent case of Ball v. Geo. M. Eady Co., 193 Ky. 813, we had occasion to consider the meaning of section 3574 of the statute, *supra.* In that case it was complained by the appellant that the petition did not state a cause of action because of its failure to allege the passage by the city council of the resolution provided for

in section 3570, declaring the necessity for and setting forth the character and extent of the street improvement, before it was ordered by an ordinance of the council; it being argued that such a resolution was jurisdictional and its passage a condition precedent to the right of the council to enter into a contract for the improvement of the streets.    In overruling this contention we said of that part of section 3574, quoted above: "Formerly in such cases the rules of pleading required that a plaintiff should, to make his pleading good and to justify the enforcement of his lien, set out in detail and at length all the acts of the municipal board necessary to give him the statutory lien, and this enactment, which is now in the charters for most, if not all, classes of cities in this state, was intended to dispense with this cumbersome and laborious process of pleading in detail all of such proceedings, and was intended not only to permit a plaintiff in such cases to thereby plead a conclusion of law as to the validity of such proceedings, but in addition placed upon the defendant the necessity, in defending such action, of pleading as a defense any fault or illegal proceeding shown by the record of the council upon which it might rely.    Nor is there any hardship in this rule.    The records of the city council are public records and available as well to the defendant as to the plaintiff, and the purpose manifestly was to relieve the plaintiff in such actions from setting forth in detail all the proceedings thereof which go to make out for him a valid lien, and to require a defendant who relies upon anything shown in the record to defeat the lien to specifically point it out, and thereby simplify the pleadings and issues.    Even if the preliminary resolution setting forth the character and extent of the proposed improvement and declaring the necessity therefor, is jurisdictional, the jurisdictional fact depends upon what a public record shows, and it is within the power of the General Assembly in a matter of procedure to require the defendant in such an action to assume the burden of showing from the record the want of jurisdiction."

We regard the case, *supra,* conclusive of the case at bar.    It is true the petition here sets out the facts relating to the improvement and also the passage of the preliminary resolution, ordinances and making of the contract under which it was effected, but this was unnecessary under section 3574, and much of it mere surplusage.

The fact that the records of the council were referred to by the petition was unimportant. The records (resolution and ordinances) were not filed as exhibits with the petition by the appellant. He was improperly required by the court below to file them on the appellee's motion, but they neither added to nor detracted from the material averments that sufficiently conformed to the requirements of section 3574, *supra;* hence, we see no merit in the appellee's contention that the exhibits contradict the averments of the petition and for that reason should control in determining whether the pleading states a cause of action. Writings like a note or other written contract, which constitute the basis of the action and for that reason are required by the Civil Code, section 120, to be filed with the petition as exhibits, if found to contradict its averments must control; but this is not always true of writings permitted by section 128 of the Code to be filed as exhibits merely for use as evidence. In an equitable action such an exhibit will not even constitute a part of the record, if it be shown that it was not used as evidence on the trial. In an ordinary action it will not constitute a part of the record, unless it affirmatively be made to appear that it was used as evidence on the trial.

The fact that the preliminary resolution determining the necessity for and character of the improvements and designating the streets to be improved which the court compelled the appellant to file with its petition as an exhibit, does not upon its face show that it was passed by a yea and nay vote or was published, does not necessarily import that it was not so passed or published or render it contradictory of the averments of the petition; nor does the failure of any of the ordinances exhibited to show that it was passed by a yea and nay vote, or published as required by the statute, make it contradictory of the averments of the petition. The resolution and ordinances were made exhibits not as a basis for the action, but for use as evidence, and the facts as to the manner of their passage or whether they were published as required, may be proved after the issues are completed and when the case is tried by the minutes of the city council meetings at which they were acted upon.

In Louisville v. Cornell, 14 R. 398 (Sup. Court), it was held the rule that where there is a conflict between the allegations of a pleading and the exhibit filed with it, that the latter should control, has no application where the petition is framed for the enforcement of an

ordinance alleging its passage at two successive meetings of the council with two weeks intervening, where such exhibit is silent as to the time of the passage of the ordinance. This case seems to be in accord with Stone, Auditor v. Wickliffe, 106 Ky. 252; Boyd v. Bethell, 10 R. 470; Green v. Page, 80 Ky. 370.

It will be observed that the exhibits that were filed only relate to the making of the improvements; none of them to their completion, the acceptance by the city of the work, or the apportionment of the cost; all of which is alleged in the petition and admitted by the demurrer. The crucial question therefore is, whether the work was done according to contract with the city, accepted by the city, and the amount due by defendant apportioned to him by the city authorities, as alleged in the petition. As this has been done, in order to defeat the appellant's lien the appellee must by answer set up, and by proof establish, such a defense as would effect that result. Johnson v. McKenna, 171 Ky. 389; City of Maysville v. Davis, 166 Ky. 565; Mulligan v. McGregor, 165 Ky. 231; Ball v. Geo. M. Eady Co., etc., 193 Ky. 813.

It is our conclusion that the petition sufficiently states a cause of action under the statute, *supra;* hence, the action of the circuit court in sustaining the demurrer to same must be held reversible error. Other questions raised on the record are not passed on. Judgment reversed and cause remanded, with directions to the lower court to set aside the judgment, overrule the demurrer to the petition and permit such further proceedings in the case as may not be inconsistent with the opinion.