## Zint, et al. v. Croxson.

(Decided January 29, 1926.)

### Appeal from Campbell Circuit Court.

1. ¯Municipal Corporations—Setting Out Proceedings in Petition to Enforce Improvement Lien Unnecessary.—In action, under Ky. Stats., section 3574, to enforce lien for street improvement in city of the fourth class, defendants' motion to require plaintiff to file certified copies of resolutions for such improvement and ordinances directing that improvements be made and levying of assessment was properly overruled.

2. Municipal Corporations—Statute Held Not to Dispense with Proof of Matters in Issue as to Improvement Lien.—Ky. Stats., section 3574, providing that liens for public improvement may be enforced as are other liens on real estate, and that allegation that improvement was made and work accepted shall be sufficient pleading of ordinances and proceedings, was intended to simplify. pleading in suits to enforce liens, but does not dispense with proof of matters pleaded when they are put in issue.

BARBOUR & BASSMANN for appellants.

L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellants, Emma Zint and Andrew Zint, her husband, and the Kentucky Loan & Building Association, whom we will refer to as the defendants, were sued upon an alleged street improvement lien. The amount of this

lien is $822.45, with interest from January 12, 1923, plus a penalty of 10% and the costs of the action. The plaintiff, in his petition, alleged that pursuant to ordinances of Fort Thomas, which is a city of the fourth class, he had constructed a street, curb and gutter in that city upon what was formerly Oak street, but is now known as South View avenue; that the city had by ordinance accepted the work, confirmed its engineer's estimate of the cost, and apportionment, and levied a local tax of $5.483 per lineal foot of abutting property to pay therefor; that Emma Zint owned lot No. 3 in Crawford's subdivision of Fort Thomas; that it fronted 150 feet on this street; that the city's apportionment warrant No. 280 had issued in favor of plaintiff and that by virtue thereof, plaintiff had a lien on the defendants' lot for the above sum. He also set up the lien of the building and loan association, and asked that it be required to answer. Defendants were duly summoned. Defendants Zint and wife moved the court to require plaintiff to file certified copies of the resolutions for said improvement, and of the ordinances directing the improvements to be made, and levying the assessment, which motion the court properly overruled. See Bailey Construction Co. v. Cornett, 198 Ky. 143, 248 S. W. 235. Defendants demurred and their demurrer was properly overruled. Thereupon, defendants, Zint and wife, answered and denied everything in the petition except that they owned the lot, that it fronted 150 feet on the street and that the building and loan association had a lien upon it. No proof was taken to support the allegations of the petition, hence with these allegations in issue, when the case was submitted on the pleadings, the court erred in rendering a judgment in favor of the plaintiff.

In section 3574 of the statutes, we find this:

"Such liens may be enforced, as other liens on real estate, by action brought in the name of the city or the contractor entitled thereto, and in any such action an allegation in substance that the improvement had been made and the work accepted pursuant to and by ordinances of the city duly passed in accordance with law, shall be a sufficient pleading of the ordinances and proceedings under which the work was done and accepted without setting out the same in full."

The effect of this provision is to simplify the pleading in cases such as this, but it does not dispense with the proof of the matters pleaded when they are put in issue.

Other questions were raised, but as this judgment must be reversed for this one, we prefer not to pass on the others until this case has had further preparation.

The judgment is reversed, and the cause remanded for further preparation and for consistent proceedings.