## Forester et al. v. Coombs Land Co. et al.

### City of Harlan v. Forester et al.

March 7, 1939.

JAMES M. GILBERT, Judge.

J. S. FORESTER and GUS B. BRUNER for appellants.
WM. SAMPSON and JAMES SAMPSON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing in part and affirming in part.

Forester and Kelly, partners, sued the Coombs Land Company and several others to enforce liens upon their property on North Main Street in Harlan, and the City of Harlan, to recover the cost of constructing sidewalks built in 1927. The circuit court refused to adjudge the plaintiffs the liens claimed and awarded them judgment against the City for the entire sum asked. The contractors and the City each prosecute an appeal. The property owners presented counterclaims against the

contractors and cross-petitions against the City for trespass and compensation for the taking of their property for public purposes. They were dismissed and the property owners prosecute a cross-appeal.

The sidewalks were built under appropriate ordinances and a contract with the City, which are not attacked. It was claimed that the work was defective, and, pursuant to the provisions of Sections 3573 and 3574, of the Statutes, after publication of notice, the Street Committee of the Council heard protests of the property owners. Thereafter the contractors reconstructed several sections of the work. It was finally agreed by the Street Committee to settle with the contractors on the basis of 65% of the contract price. This agreement was confirmed by the Council, and upon that basis an ordinance accepting the work and apportioning and levying the tax for the improvement was duly adopted. This was done October 5, 1929. The answer of the property owners consisted of a traverse and an affirmative plea that the value of their respective lots was less than the lien asserted, and if the plaintiffs were entitled to anything it was only to the extent of 50% of that value. In their counterclaims and cross-petitions the defendants severally pleaded that the parties had appropriated five feet of their property, trespassed and built the sidewalks thereon, for which damages were asked. It was prayed that if plaintiffs should be adjudged entitled to a lien the amount of the damages should be set off and they recover the difference on their counterclaims and cross-petitions. It was not until October, 1935, five years after the amended petition bringing in these appellees was filed, that they pleaded they had protested against the acceptance of the work because it was defective, and alleged that the City and the contractors, through fraud and collusion and without giving them opportunity further to protest, had made the compromise agreement whereby the contractors would be paid 65% of the contract price. The City and the contractors entered pleas of estoppel.

The terms of Section 3574, of the Statutes, seem to have been carefully observed. The compromise with the contractors is authorized by the statute. City of Earlington v. Powell, 226 Ky. 353, 10 S. W. (2d) 1060. The statute declares:

"The determination of the board or council shall be conclusive and binding on all parties and shall not

oe questioned or contested in any court, except on the ground of fraud or collusion on the part of the council.''

The property owners had not observed the terms of Section 3573 requiring that protests must be in writing. See Tuggle v. Marsee, 231 Ky. 650, 21 S. W. (2d) 1022. But their protests were nevertheless given consideration. The fact that the Street Committee and the Council—the tribunals upon whom rested the responsibility of determining the issues raised—did not give notice of their decision cannot be regarded as constituting fraud or collusion within the meaning of the statute. This fact, therefore, did not afford any ground upon which to set aside the determination of the Council in relation to accepting the work upon the agreed basis.

Another ground argued in brief as affording escape from the assessment and levy of the tax is that the City had power to build the sidewalks only on its own property and could not build the sidewalks upon the property of the citizens and then tax them with the cost. City of Clinton v. Franklin, 119 Ky. 143, 83 S. W. 140, 26 Ky. Law Rep. 1056. The evidence upon this point is merely that their property lines extended to the edge of the street or the old road, since converted into the street, and that the sidewalks were upon their land. The adversary parties did not file written exceptions to this testimony, and it may be said that they thereby waived the incompetency of the evidence. Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922. But it seems to us there are two reasons why this defense cannot be sustained. First, it was not pleaded as a defense against the assessment. The defendants did set up the appropriation of their property and asked damages and compensation, as we have stated, but this, it seems to us, cannot be regarded as the pleading of a defense against the adjudication of a lien. Cf. Bailey Construction Company v. Cornett, 198 Ky. 143, 248 S. W. 235. Secondly, the parties stood by knowing that the construction of the sidewalks was going on. Some of them testified that they told workmen on the job that the sidewalks were upon their property and that they would not pay for them. This, it would seem apparent, was of no effect. They should have disclosed their claims to someone having authority. It is a familiar principle of equity that when a person seeing another in good faith invading his property acts in such manner as to induce

that one to understand that he has the right to do so and to spend his money there in improving the property, that person is estopped from complaining of it and must bear the expense. The authorities applying this principle to like or analogous conditions are brought together in Fischer v. James A. Diskin Company, 247 Ky. 694, 57 S. W. (2d) 538. The property owners would distinguish that case as being one where the City had the right under the statute to build a sewer at any place and upon anybody's property it was necessary, while here the power of the City of Harlan was to build this sidewalk only upon its own property. Again they rely upon City of Clinton v. Franklin, supra. As pointed out in the Fischer opinion, in the latter case the parties did not stand by silently but vigorously protested, and the construction of the sidewalk on the citizen's property was knowingly and deliberately done. We think the owners were estopped to deny the liability of their property to the payment of this assessment.

Evidence of values of the several lots developed that the respective assessments did not exceed 50% of their value. For the reasons stated, we are of opinion the circuit court should have awarded judgment enforcing the lien against the property, with an appropriate provision as to the liability of the City for any deficits.

We are of opinion also the court rightly dismissed the counterclaims and cross-petitions. It is clear the defendants were not entitled to maintain causes of action against the City for damages or compensation for the taking of their property in this suit to enforce the liens. The City had joined the contractors, for whose benefit the assessments and levy had been made, seeking the same end. On the ground of public policy, the sovereign, in the exercise of its power of taxation, must not be compelled to stay its proceeding in order to adjust its indebtedness to a citizen, and the imposition of a special liability for public improvements is recognized as the exercise of the power of taxation. Bodley v. Finley's Ex'r, 111 Ky. 618, 64 S. W. 439, 23 Ky. Law Rep. 851.

The case of Herndon v. Brawner, 180 Ky. 807, 203 S. W. 727, was a suit by a contractor to recover on apportionment warrants for a street improvement. The owner offered a set-off and counterclaim against the contractor and a cross-petition against the city for consequential damages from the improvement causing the

water to overflow her property. We held that such a claim would have to be prosecuted in an independent suit. On the authority of that case and of Bayes v. Town of Paintsville, 166 Ky. 679, 179 S. W. 623, L. R. A. 1916B, 1027, we repeated, in Fischer v. James A. Diskin Company, supra, that a claim for compensation for the taking or the invasion of property in the construction of a sewer could not be made in a suit to enforce a lien for the improvement where the contractor did the work in accordance with the plans and ordinances of the city. In that opinion distinctions are noted where the holder of a warrant is indebted to the property owner or the claim is for damages growing out of a departure from plans of construction furnished by the city. Cf. City of Clinton v. Franklin, 119 Ky. 143, 83 S. W. 140, 26 Ky. Law Rep. 1056, and City of Clinton v. Franklin, 83 S. W. 142, 26 Ky. Law Rep. 1053. This is in accord with the authorities generally. 24 R. C. L. 818; McQuillen, Mun. Corp., Sec. 2306.

On the appeals of the City of Harlan and of Forester and Kelly the judgment is reversed for appropriate proceedings. On the cross-appeals of the property owners the judgment is affirmed.