CASE 108—PETITION EQUITY—FEBRUARY 20.

# Hendrix v. Nesbitt, Administrator.

APPEAL FROM BATH CIRCUIT COURT.

1. VENUE OF ACTION TO ENFORCE MORTGAGE.—Where a mortgage embraces separate tracts of land lying in two different counties, the circuit court of either county has complete jurisdiction, by virtue of section 62 of the Civil Code, to enforce the lien upon both tracts.

2. SAME—JURISDICTION OF PERSON OF DEFENDANT.—In this action to enforce such a lien, as some of the persons properly joined as defendants resided in the county in which the action was brought, the circuit court of that county, by virtue of section 78 of the Civil Code, acquired jurisdiction of the person of the debtor, although he resided and was summoned in another county. But jurisdiction of the court to enforce the mortgage lien upon the land lying in another county did not depend on the fact of jurisdiction of the person of the debtor being first acquired.

Hendrix v. Nesbitt, Administrator.

3. CONTINUANCE.—It was error to render judgment against defendant at the same term at which a reply was filed denying a payment pleaded by him in his answer. He was entitled to a continuance in order that he might have an opportunity to sustain his plea, the burden being on him.

4. JUDICIAL SALES—MISTAKE IN ADVERTISEMENT AS TO DATE OF SALE.—The fact that the sale was by mistake advertised for county court day, "October 12," instead of "October 10," which was, in fact, county court day, was, in view of the inadequate price which the property brought, sufficient to entitle defendant to have the sale set aside upon exceptions to the commissioner's report, defendant not being present at the sale, and there being evidence tending to show he was misled by the mistake.

REUBEN GUDGELL & SON AND WM. H. HOLT FOR APPELLANT.

1. The action to enforce the mortgage upon the Nicholas county land could only be maintained in that county. (Civil Code, sec. 62; Webb v. Wright, 1 Bush, 107.)

2. The court should have sustained exceptions to report of sale because the sale was not advertised as required by the judgment. The commissioner was required to advertise the sale in the same way that execution sales are required to be advertised, which is by *written* notice. A *printed* notice is not a compliance with the statute. (Gen. Stats., chap. 38, art. 12, sec 2, subsec. 2.)

   Besides, the notices were misleading in that they announced that the sale would take place on Monday, "October 12th," whereas, the sale in fact took place on Monday, October 10*th*.

3. While mere inadequacy of price, unless so gross as to compel a presumption of wrong, will not authorize a court to set aside a sale, yet gross inadequacy of price, coupled with even slight irregularities, requires that the sale should be set aside. (Bean, &c., v. Hoffendorfer Brothers, 84 Ky., 685.)

J. J. NESBITT, C. W. NESBITT AND ALEX. CONNER FOR APPELLEE.

1. The Bath Common Pleas Court had jurisdiction to sell the Nicholas county land. (Civil Code, sec. 62; Webb v. Wright, 2 Bush, 126.)

2. The mistake in the advertisement as to the day of the month on which the sale would take place was immaterial, the advertisement being explicit in stating that it would take place on Monday, county court day, in October, 1892.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1886 T. J. Hendrix, to secure payment of various debts he owed J. M. Nesbitt, executed a mortgage on

a tract of land containing seventy-five acres, and on his half interest in a tract of three hundred and seventy acres, both being situated in Bath county. In 1877, to indemnify J. M. Nesbitt as surety in certain sale bonds he subsequently paid off, T. J. Hendrix executed another mortgage on a lot of land situated in Nicholas county, and on his half interest in the tract of three hundred and seventy acres, J. N. Hendrix, joint owner, uniting in the deed and mortgaging his half of the same tract and for the same purpose. After death of J. M. Nesbitt, J. J. Nesbitt, administrator of his estate, brought this action to recover on his demands, and enforce his two mortgage liens to satisfy them, T. J. Hendrix, J. N. Hendrix and others being made defendants. The plaintiff obtained personal judgment against T. J. Hendrix for amount of each demand, and at the same time judgment for sale of the Nicholas county land, and also of the tract of seventy-five acres. The first mentioned property did not bring at the sale two-thirds of appraised value, nor enough to satisfy the debt for which it was mortgaged. The other brought two-thirds of its appraised value, though not enough to satisfy the debts for which it was mortgaged.

Subsequently, a judgment was rendered for sale of the half interest of T. J. Hendrix in the tract of three hundred and seventy acres, fixed by division at two hundred and five acres, to satisfy the residue of plaintiff's demands against him, and a debt of J. H. Richart, likewise secured by mortgage lien thereon. At the sale under that judgment, the two creditors bid for and jointly purchased the entire tract of two hundred and

five acres at the precise sum of their aggregate demands and costs, and at little more than two-thirds of appraised value. From both judgments and orders confirming sales, T. J. Hendrix has appealed.

It is contended the first ought to be reversed upon the ground that the Bath Circuit Court, where the action was instituted, had no jurisdiction to sell the Nicholas county property.

Section 62, Civil Code, concerning real property, provides : "Actions must be brought in the county in which the subject of the action or some part thereof is situated— * * * For the sale of real property under * a mortgage, lien, or other incumbrance or charge, except for debts of a decedent."

As some of those properly joined as defendants to the action resided in Bath county, the Bath Circuit Court acquired, under section 78, jurisdiction of the person of T. J. Hendrix, although he resided and was served with summons in Nicholas county. But jurisdiction of that court to enforce the mortgage lien on the Nicholas county land did not depend on the fact of jurisdiction of the person of T. J. Hendrix, its owner, having been previously acquired, but existed in virtue of both the letter and reason of section 62. The subject of one branch of this action is the mortgage lien upon land, part of which lies in Bath and part in Nicholas county, and the circuit court of either had complete jurisdiction to enforce that lien upon both lots or tracts mentioned in the second mortgage to Nesbitt. Otherwise, there would have to be a distinct action about the same subject in each county where one of numerous tracts included in the same mortgage might be situated.

We perceive no error in judgment for sale nor order confirming commissioner's report of sale of either the lot of land in Nicholas county or the tract of seventy-five acres. But it seems to us there was error in both judgment for sale of the tract of two hundred and five acres and order confirming the commissioner's report of that sale.

It appears that in his answer T. J. Hendrix stated that J. H. Richart had failed to give him credit on his debt for about three hundred dollars, which was denied in reply of the latter, filed during the same term at which the judgment for sale of the two hundred and five acres was rendered. As there was an issue formed, the onus of which was upon Hendrix, he was entitled to a continuance. But the court ignored his answer, and adjudged sale of the land for the entire amount claimed by Richart.

It is proved that the commissioner made a mistake in the advertisement of the sale as to the date it would be made, fixing it as of October 12, when he intended it to be and did make it October 10, two days before. It is true he recited in the advertisement it was to be made on county court day, which is usually Monday, and was on October 10. But Hendrix, owner of the land, was not present at the sale, and there is evidence tending to show he was misled by mistake in the advertisement. In our opinion that circumstance was sufficient to require exceptions to the report of sale to be sustained, in view of the very low and inadequate price at which the land was sold.

For the errors indicated, the judgment for sale of the tract of two hundred and five acres of land is reversed, and cause remanded for further proceedings consistent with this opinion.