## Town of Elsmere v. Tanner.

(Decided June 14, 1932.)

ERVIN L. BRAMLAGE for appellant.

JOHN L. VEST and BEN RILEY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

On March 6, 1928, the board of trustees of the town of Elsmere, a municipality of the sixth class, then wholly located in Kenton county, undertook to annex certain territory contiguous to its then existing boundaries. Part of the territory it sought thus to annex

lay in Boone county. Later the town levied an ad valorem tax on the real estate included within its boundaries as enlarged by the attempted annexation proceedings. The appellee, whose property lay in that part of Boone county which the town undertook to annex by the aforesaid annexation proceedings, then brought this suit to enjoin the collection of the tax levied against her property, the issue being as to the validity of the annexation proceedings of 1928. Several grounds were relied upon to establish their invalidity, but the ground on which the lower court principally rested its judgment enjoining the tax was that a municipality of the sixth class lying wholly in one county has no authority to annex contiguous territory in an adjoining county. Convinced as we are of the correctness of the lower court's position in this regard, we do not find it necessary to discuss the other grounds relied upon as establishing the invalidity of these annexation proceedings.

The rule that without express statutory authority a municipality lying wholly in one county may not extend its boundaries across the county boundary line into an adjoining county (see 43 C. J. 117) is supported by the cogent consideration that such an extension is attended with such manifest and practical inconveniences growing out of the relation of the municipality and county governments, that an intention to authorize an extension of city boundaries across county boundaries should not be lightly inferred. Some of these practical inconveniences applicable to the situation presented by the case at bar and which come at once to mind are the equalization of city assessments where, under the authority now conferred by section 3674 of the Statutes, the board of trustees provides that the county assessment shall govern the assessment of property for city purposes, since, in such state of case, the equalization of city assessments which are the county assessment might have and indeed probably would have been made on different bases as the respective counties equalized their assessments; the fact that such a town might have two collecting officers for its municipal taxes (see section 3677, Kentucky Statutes); problems attendant upon the civil and criminal jurisdictions of its police court and appeals therefrom (see Const. sec. 143; Kentucky Statutes, secs. 1054, 1093, 3710); the machinery of its municipal election (see Kentucky Statutes, sec. 3670a); and many other inconveniences

that might be further catalogued but for time and space. With this principle in mind, we find that the only authority under which cities of the sixth class may annex contiguous territory is that given by section 3664 of the Statutes, wherein it is said: "Whenever it is deemed desirable to annex any territory to a town, or to reduce the boundaries thereof," the legislative department of such town may, in the manner therein pointed out, annex or strike off any such territory. Appellants argue that by use of the words "any territory" power is conferred on municipalities of the sixth class to cross a county boundary line and annex territory in the adjacent county, as the words "any territory" mean literally what they say. Reflection, however, will convince one that the words "any territory" cannot have so broad a meaning. It would not be contended that, if a town of the sixth class was contiguous to a town of the first class, that it could annex the first class city, nor would it be contended that it could annex territory not contiguous to its existing boundaries. It will thus be seen that the words "any territory" cannot have so broad a meaning as appellant contends for, and that they necessarily mean any annexable territory which leaves us where we began. The machinery set up by the statute (section 3665) for the purpose of testing the right of the city to annex or strike off territory includes an action filed "in the circuit court of *the* county" (italics ours) setting forth the reasons why the territory should not be annexed or stricken. It would seem that this provision, by implication at least, confines this city to the county in which it lies for territory to be annexed. Clearly, however, there is no express statutory authority for the city to annex territory in adjacent counties. On the other hand, when it came to the original organization of a town, the Legislature did give express authority for one to be created with its territory lying in more than one county. See Kentucky Statutes, sec. 3714. It is to such towns that the machinery of municipal elections provided for by section 3670a of the Statutes applies. Thus we have the Legislature expressly confining power to organize a city of the sixth class in adjoining counties, but remaining silent on the subject of annexation of territory in an adjoining county to a city of the sixth class lying wholly within one county. It must, by its silence as contrasted with its express authorization, in the case of an organization of a city of this class in

adjoining counties, have meant to have limited the power of annexation on the part of a city lying wholly within one county. The absence of express statutory authority in section 3664 of the Statutes authorizing a town of the sixth class to annex territory in a county other than that in which it is situated is highly persuasive of the conclusion that the Legislature did not mean to give it any such authority. The rule supported by reason being that authority such as is contended for here is not to be inferred, and, none being expressly given, it follows that the town of Elsmere lying wholly in Kenton county had no right so to extend its boundaries as to take in property in Boone county.

The judgment of the lower court to that effect is correct and is affirmed.