## Hedger v. Allmoslechner et al.

Jan. 27, 1939.

CHARLTON B. THOMPSON for appellant.

BARBOUR & BASSMANN for appellees.

Opinion of the Court by Judge Stites—Affirming.

On May 6, 1930, the Board of Trustees of Erlanger,

a city of the sixth class, adopted an ordinance for the improvement of Kento-Boo Avenue, which lies partly in Kenton County and partly in Boone County. The work was completed in November, 1930, and the ordinance assessing the cost of the improvement was adopted in April, 1931. Bonds were issued to pay for the improvement and the appellant, Edward C. Hedger, became the owner of some of them. He was also the contractor who had done the work. The town took no steps to enforce the assessments, and appellant finally brought this suit for himself and other bondholders similarly situated to enforce the liens against the various lots. The petition contains twenty-six paragraphs, covering as many pieces of property, and names the owners of each of the lots as defendants. The appellees, Harry G. Allmoslechner and Anna Allmoslechner, are the owners of a lot in Kento-Boo subdivision, lying wholly in Boone County. It is this lot alone that is involved on this appeal.

Erlanger is located in Kenton County. Sometime before 1930, the town undertook to annex certain adjacent territory in Boone County which included the lot belonging to appellees. After the improvement of Kento-Boo Avenue was completed, this court held, in the case of Town of Elsmere v. Tanner, 245 Ky. 376, 53 S. W. (2d) 522, that a city of the sixth class was without power to extend its boundaries into another county. Based on this decision, the trial court held that the assessment against the lot in question was void and sustained a general demurrer to the paragraph of the petition directed against this property. Appellees filed a motion to require the plaintiff to elect against which of the defendants he would prosecute his cause of action, and which cause of action he would prosecute. They also filed a special demurrer to the petition on the ground that the court was without jurisdiction of the subject of the action or of appellees.

Section 62 of the Civil Code of Practice provides that actions for the sale of real property under a lien or other encumbrance "must be brought in the county in which the subject of the action, or some part thereof, is situated." No part of the property of appellees here involved is located in Kenton County and the Kenton Circuit Court should therefore have sustained the special demurrer to the petition. Shadoin v. Sellars, 223

Ky. 751, 4 S. W. (2d) 717. It is unnecessary to consider the propriety of the ruling on the motion to elect.

Appellant insists that the Kenton Circuit Court had jurisdiction to determine the entire controversy because there was but one mortgage lien extending over a large number of separate tracts some of which were in Kenton County. Hendrix v. Nesbitt, 96 Ky. 652, 29 S. W. 627, 16 Ky. Law Rep. 746. However, Section 3706 of the Kentucky Statutes, under which the assessments were made, evidences a contrary intention to the construction for which appellant contends. While there may be but one ordinance and one contract under which the work is done, the statute specifies very particularly for the assessment of each lot and the amount to be apportioned against it. Clearly, the lien upon one lot in no way affects the lien upon another. The fact that one property owner pays or does not pay makes no difference to another once the apportionment has been made. It follows that there is no analogy between the instant situation and that presented where one lien extends over property in different counties. Here each lien is a distinct claim against each parcel.

The circuit court apparently adjudged the entire proceeding against appellees' lot to be invalid. It was not necessary that this question be determined and, indeed, it was improper to determine it in this case. It follows that to this extent the judgment was improper and should not be deemed an adjudication of questions properly to be submitted to the Boone Circuit Court. Since, however, the ultimate conclusion reached, in dismissing this paragraph of the petition, was correct, we will not disturb the judgment other than to exclude any question concerning its basis. As so modified, the judgment is affirmed.