## Hedger et al. v. Kinsella et al.

Nov. 1, 1940.

Ward Yager, Judge.

Charlton B. Thompson for appellants.

Stanley Chrisman for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The facts out of which this litigation arose are fully stated in our opinion in the case of Hedger et al. v. Allmoslechner, 276 Ky. 553, 124 S. W. (2d) 785, in which we held that the Kenton Circuit Court should have dismissed the petition for lack of jurisdiction, and erred in attempting to adjudicate the major question involved, namely, whether the appellants could compel payment by owners of property in Boone County of their proportionate share of the cost of an abutting street constructed pursuant to an ordinance of the town of Erlanger in Kenton County after that municipality had ineffectually attempted to annex the territory in Boone County through which the street extended. We held that the Boone Circuit Court was the proper forum in which to litigate that question, and, accordingly, the present action was instituted in that Court which sustained appellees' demurrer to so much of the petition as asserted a lien against their property in Boone County and dismissed the petition as to them.

The ordinance directing the improvement of the street in question, Kento-Boo Avenue, was enacted by the Board of Trustees of the Town of Erlanger on May 6, 1930, and no question is raised as to the regularity of the proceedings by which it was adopted or by which the improvement lien, in so far as it affected territory in Kenton County, was created. The only defense urged by appellees is that since the Town had no power to annex that portion of the abutting property which lay in Boone County, it had no power to enact an ordinance creating a lien upon it for street improvements. Because this is true as a naked legal proposition, it becomes necessary to determine whether the petition states facts sufficient to entitle appellants to relief, notwith-

standing the municipality's lack of jurisdiction over the property in question.

The allegations of the petition pertinent to the decision of this question are:

"Some time prior to May 6, 1930, defendant the Town of Erlanger, Kentucky, which was located in Kenton County, by appropriate proceedings by its Board of Trustees annexed to said Town certain territory adjacent thereto and extending into Boone County, Kentucky. A part of Kento-Boo Avenue and a part of the real estate fronting and abutting thereon, as hereinafter described, is within the territory so annexed to the Town of Erlanger, and within Boone County. The other part of said Kento-Boo Avenue and certain parts of the real estate fronting and abutting thereon lie in Kenton County. From the time of said annexation it was believed generally and was thought by all the residents and property owners in said annexed territory and by the Board of Trustees of said Town that said annexation of territory within Boone County was legal. Said defendant Town exercised jurisdiction over said annexed territory, including the portion lying in Boone County, and performed all its municipal functions therein in the same manner and to the same extent as in the portions of said Town located in Kenton County. Said actions were acquiesced in by all persons including all the residents and property owners in said annexed territory; and said annexed territory in Boone County was at all times herein set out de facto at least a part of the Town of Erlanger, Kentucky. Said acts were done and said jurisdiction asserted through the Board of Trustees of said Town. It was believed by the citizens, residents and property owners therein and by said Board of Trustees at the time said petition was filed on April 22, 1930, and during all the times hereinafter set out, that said territory in Boone County had been legally annexed, and but for said belief the proceedings hereinafter set out would not have been taken by said Board of Trustees and said improvement would not have been made. All the proceedings herein set forth were accepted as valid by all owners of the property affected. Said annexation of

said territory in Boone County nas never been held by any court to be illegal. But long after said proceedings were had and after said improvement had been completed, and after the ordinance levying assessments on the real estate fronting and abutting thereon had been adopted, and the bonds had been sold to pay therefor as hereinafter set out, the Kentucky Court of Appeals on June 14, 1932, in the case of Town of Elsmere v. Tanner, reported in 245 Ky. 376, 53 S. W. (2d) 522, held that a municipality in one county can not extend its boundaries into another county."

It is also alleged that many of the defendants to the suit whose property is situated in Boone County signed a petition requesting the Board of Trustees of the Town to cause the street to be built and to assess the cost against the property abutting thereon, but the appellees were not among them.

So far as we are able to ascertain, the exact question here presented for determination has not been decided by any court of last resort, and we are confronted on the one hand with the manifest equities in favor of the contractor and bondholders, and on the other by the general principle frequently emphasized by this and other courts that street improvement liens can arise only through substantial compliance with validly enacted ordinances. It cannot be denied that the town of Erlanger was without legal power to annex the property of the appellees, and never at any time possessed the legal right to enact an ordinance affecting it, from which it follows that if liability to pay for the street exists it must result from the acquiescence of the benefited property owners in the assumption of power by the municipality to exercise dominion over it. If, without attempting to annex the adjacent territory in Boone County or otherwise obtain jurisdiction over it legally, the Town had built a street abutting upon appellees' property, no liability on the part of the property owners to pay for it could have arisen in the absence of facts showing an estoppel, such as a request by the property owners that the Town so construct the street, or acquiescence in its construction with full knowledge that the City was without legal authority in the premises. City of Ashland v. Meade, 189 Ky. 100, 224 S. W. 642. On the other hand, if the street had been situated entirely

within the original corporate limits of the City and the act of the Legislature under which the City had been created had been declared unconstitutional after the street had been constructed, the lien for the street improvement clearly would have been valid against any benefited property owner who failed to protest, under the principle that the government by the municipality was a de facto government vested as such with full power to function until such time as the Legislative act was adjudged to be unconstitutional. Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 1116, 45 L. R. A., N. S., 1101, Ann. Cas. 1915C, 493. But in the case at bar it is not alleged that the appellees acquiesced in the construction of the street with knowledge of their rights. On the contrary, it is affirmatively shown that all parties concerned believed that the affected property had been legally annexed, and hence one of the ordinarily essential elements of estoppel is lacking. Nor was the street constructed by a de facto government created by a legislative act subsequently adjudged to be unconstitutional. Hence, the lien cannot be held to be enforceable upon the ordinary principles of estoppel alone. Nor can its enforceability be predicated upon the strict interpretation of our opinion in the case of Wendt v. Berry, supra, since the effect of operations under an unconstitutional grant of legislative power is not involved.

But a careful analysis of the Wendt case will disclose that the result reached was not based alone upon the principle that the acts of de facto officers are valid but upon the principle in combination with it that an estoppel may arise against a property owner who, without knowledge of the lack of legal authority in those purporting to exercise it, sits by without protest and permits the construction of a street benefiting his property.

In the Wendt case the property owner resisted the enforcement of the street improvement lien upon his property and the recovery of the amount due upon the single ground that "all of the ordinances and contracts in relation thereto, made and entered into by the governing authorities of the city of Clifton were without force or effect because the act under which the city was set up was void from the beginning, and therefore all ordinances, contracts, and other things made and done by the persons exercising the powers of officers of the

city during the time the city government was administered under the legislative act were a nullity, and did not confer any right or create any liability.'' Here the defense is that the annexation of appellees' property was void from the beginning and hence all acts and contracts of the municipality with respect to it were nullities. True it is that the decision in the Wendt case was predicated primarily upon the rule of law which clothes the act of de facto officers with authority, but the principle underlying the rule is that a '''manifest injustice'' and ''positive wrong'' would result from denying validity to the acts of persons exercising the powers of officers of the municipality when they and ''the people of the city, the property owners and contractors, and the public generally, believed, and had a right to believe, that the organization of the city was legal''. Why, if the principles of right and wrong are the determining factors, should they not be applied here?

Counsel for appellees dwells at length upon the fact that in the Wendt case the act under which the municipality was incorporated was held to be unconstitutional, while here the legislative act permitting sixth class cities to annex adjacent territory was merely misinterpreted, from which he seeks to draw a distinction between the cases. But to us it seems a distinction without a practical difference. Our Statutes permit the incorporation of towns which embrace territory in more than one county (Kentucky Statutes, Section 3714), and the Annexation Statute (Kentucky Statutes, Section 3664), does not in terms forbid the annexation of territory in an adjacent county. The mistake of the city authorities in determining that the annexation was permissible was no greater than the mistake of the city authorities in the Wendt case in believing that the act of the Legislature converting the District of Clifton into a city of the fifth class was constitutional. In any event, the effect of this Court's holding that such an attempted annexation was illegal in the one instance, and that the attempted incorporation was unconstitutional in the other, was exactly the same, since each holding deprived the acts of the municipal officers exercising jurisdiction over the affected area of legislatively conferred legality. In each instance their acts were legally void but committed under color of authority in good faith and with the acquiescence of the persons having the right to com-

plain. Admitting the existence of technical distinctions, we can perceive no just reason for permitting the contractor to collect his just compensation in the one case and denying him that right in the other. As said in the case of Wendt v. Berry:

> "As the principles upon which the validity of the acts of de facto officers rest are not defined by either Constitution or statute, and the courts are free, except as they may feel bound by precedent, to adopt such views as will best subserve the ends of justice, it would be a signal and unfortunate demonstration of the inability of the courts, when unrestrained by legislative enactment or judicial precedent, to administer the law according to the rights of the case if the appellant contractor should be denied the relief sought. To say that the property owner should be allowed to receive and retain substantial and permanent benefits to his property without compensating the contractor whose labor furnished the benefits, and to turn the contractor out of court empty handed, would be a departure from the principles that have at all times controlled this court in the decision of cases where it was free to exercise its discretion."

A case applying the principles enunciated in the Wendt case to a somewhat similar state of fact, and citing that case in authority, is the case of Ball et al. v. George M. Eady Co. et al., 193 Ky. 813, 237 S. W. 670, 673. The suit was instituted to enforce street improvement liens on property in Corbin, a city of the fourth class. Among the unsuccessful defenses interposed was the claim that when so classified, Corbin did not have the requisite population; that a part of the city was located in Knox County and a part in Whitley County; that the part in neither county had the population necessary for a city of the fourth class; that the Legislature had no authority to classify a city having territory in each of two counties, and that the act in so classifying the city of Corbin was unconstitutional. Said the Court:

> "For the purpose of this litigation it is unimportant whether the legislative act changing the city of Corbin from a fifth class to a fourth class city is unconstitutional. For if it be conceded that such act was unconstitutional, which is not decided, the

record discloses that the city has for several years been operating under the charter for cities of the fourth class, and in any event as to third parties is a de facto city of that class.''

In the case of Fischer et al. v. James A. Diskin Co. et al., 247 Ky. 694, 57 S. W. (2d) 538, it was held that property owners who stood by and saw a sewer constructed through the rear of their lot without objecting, could not resist payment of an apportionment warrant issued for the cost of the improvement, on the ground that the City had not acquired a right of way and was without legal authority to so build a sewer. We cite this case, which does not involve the legality of acts of de facto officers or governments, merely to illustrate the extent to which the courts will invoke the doctrine of estoppel against those seeking to escape paying for benefits received as a result of municipal action.

We conclude, therefore, that an individual whose property has been benefited with his knowledge and acquiescence by the construction of an abutting street built pursuant to an ordinance enacted by a municipality exercising, without objection, jurisdiction over that property under the belief that the property is within such jurisdiction, will not be permitted to resist enforcement of the improvement lien merely because the annexation proceedings by which the property benefited was ostensibly brought under the City's jurisdiction, were subsequently adjudged ineffective for that purpose.

Accordingly, the judgment is reversed, with directions to overrule appellees' demurrer to the petition.

Judge Thomas dissenting.