NATHAN, Judge.
Defendant, John H. McGeary, Jr., appeals from an order granting plaintiff Dade County’s motion for judgment on the pleadings against McGeary and the Town of Pembroke Park, a codefendant.
McGeary is the owner of certain real property lying within the territorial limits of Dade County. Following a petition by McGeary, his property was annexed in 1974 by Pembroke Park, which is a municipal corporation located entirely within Broward County. The annexation was accomplished by Ordinance Number 74-9-2, in accordance with the provisions of former Section 171.16, Florida Statutes (1973).
Dade County subsequently brought an action to enjoin Pembroke Park from exercising jurisdiction or control over McGeary’s property. In addition, the County sought a declaration concerning the applicability of Section 171.16, supra, to territory within Dade County, and to determine the validity of Pembroke Park’s annexation ordinance.
In granting Dade County’s motion for judgment on the pleadings, the trial judge limited his inquiry to a single question— whether a municipality could validly annex contiguous unincorporated territory lying in another county. This question was answered in the negative.
As noted above, the McGeary property was annexed pursuant to statutory procedures provided in former Section 171.-16, Florida Statutes. In pertinent part, the statute read as follows;
“Supplemental procedure for annexation.—
(1) The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality may petition the governing body of said municipality that said property' be annexed to the municipality.
* * iff # sfc *
(4) The method of annexation provided by this section shall be supplemental to any procedure provided by general or special law. . . .”
As may be readily observed, the statute on its face does not prohibit annexation across county lines. However, as specified in subsection (4), the annexation procedures of Section 171.16 were supplemental to any other procedures provided by general or special law. As a supplemental law, this section was designed to add to existing procedures without changing them. See Swanson v. State, 132 Neb. 82, 271 N.W. 264 (1937).
According to former section 171.04, Florida Statutes (1973) — which was in force during the period of the annexation proceedings before us — incorporated cities or towns could only annex unincorporated lands which were “within the same county.” Section 171.04(1), Florida Statutes (1973) (Emphasis added.). This section provided the primary methods of municipal annexation.
Since Sections 171.16 and 171.04 both concerned municipal annexation of unincorporated territory, they must be con *551 sidered as having been in pari materia. Sanders v. State, 46 So.2d 491 (Fla.1950). As such, they should be construed together and compared with each other in such a manner as to preserve the force of both without destroying their evident intent, assuming that a compatible construction is possible. Markham v. Blount, 175 So.2d 526 (Fla.1965). Therefore, since Section 171.-04(1) limited annexation to property lying within the same county, its restrictions should necessarily apply to Section 171.16 as well. Otherwise, a municipality would have been able to avoid the prohibitions against annexation of property in another county by simply seeking petitions from real property owners in the other county. This would be an unreasonable result, and thus we must construe the provisions of Section 171.16 as being limited by the restrictions of Section 171.04(1). State Dept. of Public Welfare v. Bland, 66 So.2d 59 (Fla.1953); Foley v. State, 50 So.2d 179 (Fla.1951).
This construction is particularly appropriate in light of the fact that municipalities may only annex unincorporated territory to the extent provided by general or special law. Article VIII, Section 2(c), Florida Constitution. The power to extend municipal boundaries must be exercised in strict accord with statutes conferring such power. Town of Mangonia Park v. Homan, 118 So.2d 585 (Fla.2d DCA 1960). We therefore feel that the power to annex property in another county should not be simply inferred from the fact that such actions were not expressly prohibited by the statute in question, especially where a prohibition to that effect was provided by another statute in force at the time. We note that a municipality lying wholly in one county generally may not extend its territorial limits into another county without express statutory authority: “[S]uch an extension is attended with such manifest and practical inconveniences growing out of the relation of the municipality and county governments, that an intention to authorize an extension of city boundaries across county boundaries should not be lightly inferred.” Town of Elsmere v. Tanner, 245 Ky. 376, 53 S.W.2d 522 (1932). This rule is especially appropriate here, given Dade County’s Home Rule status.
Finally, we note that Sections 171.16 and 171.04 were both repealed by the Municipal Annexation or Contraction Act, Ch. 74-190, § 1, Laws of Florida. According to the codified version of that Act (Chapter 171, Florida Statutes), annexation must take place within the boundaries of a single county. Section 171.045, Florida Statutes (1975). When this section is considered in conjunction with the legislative history of former Section 171.04, supra, a continuous long term legislative prohibition against annexation across county lines may be discerned.
We therefore find that the trial judge properly ruled as a matter of law that the provisions of former Section 171.16, Florida Statutes, did not authorize the Town of Pembroke Park to annex land within Dade County.
Affirmed.